Finding no reversible error, we affirm the judgment of the trial court.

All Justices concur.

NOTE—Reported at 400 N.E.2d 1371.

GREGORY N. BROWNLOW *v.* STATE OF INDIANA.

[No. 779S190. Filed March 11, 1980.]

*Bruce S. Cowen,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Richard Albert Alford,* Deputy Attorney General, for appellee.

PRENTICE, J. — Defendant (Appellant) was convicted in a jury trial of Accessory Before the Fact to Felony Murder, Ind. Code §§ 35-42-1-1 and 35-41-2-4 (Burns 1979), for which he was sentenced to imprisonment for thirty (30) years. This direct appeal presents the following issues:

(1) Whether the trial court erred in refusing to give instructions on lesser included offenses.

(2) Whether the evidence was sufficient to sustain the verdict.

Two youths, Norris and Chapman, were hitchhiking at 1:30 a.m. in Fort Wayne when they were picked up by a car in which defendant was the driver and Mitchell Stroud was a passenger. Defendant and Mitchell Stroud robbed the two hitchhikers at gunpoint. Then defendant said either, "Shall we let them out here?" or "let them out on your side."

Stroud vetoed the idea. Instead, they drove into the shadows of a building and Stroud, holding the gun upon the hitchhikers, ordered them to shut their eyes. Norris grabbed the gun and, in the ensuing struggle, it discharged and killed Norris. Stroud then released the victim, Chapman. Stroud's conviction for felony murder was affirmed by this Court. *Stroud v. State,* (1979) 271 Ind. 907, 395 N.E.2d 770.

## ISSUE I

The first assignment of error concerns the trial court's refusal to instruct the jury on the lesser included offense of robbery. Defendant contends that, since evidence was introduced that he abandoned the criminal effort by attempting to release the victims of the robbery, the jury could have found him innocent of felony murder, though perhaps guilty of the lesser included (robbery).

He is correct in asserting that a defendant charged with felony murder may be entitled to an instruction on lesser included offenses under appropriate facts. *Cade v. State*, (1976) 264 Ind. 569, 579, 348 N.E.2d 394; *Hester v. State*, (1974) 262 Ind. 284, 289, 315 N.E.2d 351. However, such facts are not present in the case at bar.

All of the State's evidence pointed to the guilt of the defendant as charged. There was some testimony that, after the robbery had been consummated, defendant stated that the victims should be immediately released; however, such fact, standing alone, does not show abandonment. Ind. Code § 35-41-3-10 (Burns 1979) defines the defense of abandonment as follows:

"With respect to a charge under IC 35-41-2-4 [Aiding, Inducing, or Causing an Offense], IC 35-41-5-1 [Attempt], or IC 35-41-5-2 [Conspiracy], it is a defense that the person who engaged in the prohibited conduct voluntarily abandoned his effort to commit the underlying crime and voluntarily *prevented its commission.*" (Emphasis added)

One of the requirements of the abandonment defense, as expressly provided by the statute relied upon by defendant, is that the accused shall have *prevented* the commission of the crime. Assuming arguendo that defendant did attempt to dissuade Stroud, his efforts were unsuccessful. Norris was killed in a felony venture. The defense of abandonment was not available. Consequently, there was no evidence from which the jury could properly have applied an included offense instruction and found defendant not guilty of murder but guilty of robbery. *Hester v. State, supra.*

## ISSUE II

The next assignment of error concerns the sufficiency of the evidence. Defendant contends that he abandoned the crime and that the homicide was not the ordinary and probable effect of the robbery.

"When reviewing a claim of insufficient evidence, we, as a court of review, are limited to that evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. If from that viewpoint the evidence supports the decision of the trier of fact upon each of the elements of the crime charged beyond a reasonable doubt, that decision will not be reversed. *Baum v. State,*

(1976) 264 Ind. 421, 345 N.E.2d 831. In making this determination we will neither reweigh the evidence nor judge the credibility of the witnesses. *Beasley v. State*, (1977) 267 Ind. 396, 370 N.E.2d 360; *Robinson v. State*, (1977) 266 Ind. 604, 365 N.E.2d 1218." *Moten v. State*, (1978) 269 Ind. 309, 380 N.E.2d 544, 547.

Defendant's first contention — that he abandoned the crime — was decided to the contrary in the preceding issue. His remaining contention — that the homicide was not the ordinary and probable effect of the robbery — was a matter for the jury. *Cf., Moten v. State, id.* We find that there was sufficient evidence of probative value that defendant and Stroud robbed the two hitchhikers at gunpoint, and that such actions resulted in the death of Norris.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE — Reported at 400 N.E.2d 1374.