Randall Leonard MINNIEFIELD,
Appellant (Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 485 S 133.

Supreme Court of Indiana.

Sept. 24, 1987.

Daniel L. Bella, Appellate Public Defender, Office of the Public Defender, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant appeals from conviction, following jury trial, of burglary, a class B felony; bribery, a class C felony; and conspiracy to commit murder, a class A felony. In this direct appeal, he presents the following issues:

1. sufficiency of burglary identification evidence,

2. sufficiency of evidence of bribery,

3. sufficiency of evidence of conspiracy to commit murder, and

4. jury verdict inconsistency.

We affirm.

### Issue 1—Burglary Identification Evidence Sufficiency

■ Defendant first contends that the evidence was insufficient to identify which of two co-defendants was identified by the State's complaining witness. Defendant Randall Leonard Minniefield and his co-defendant Jessie James Williams were charged with burglary of the dwelling of Connie Lee. Miss Lee testified that she observed two men going around her house. One of the men, whom she then knew only as "Leonard," was carrying a television. During her direct examination at trial, the following colloquy occurred:

Q. And the person that you saw with your television in his hand, do you see that same person in the court-room here today?

A. Yes, I do.

Q. And would you tell us please where that person is standing or seated and what that person is wearing?

A. He's sitting over there (indicating), at that table. He's got on some purple pants, beige shoes, jacket, white shirt, and blue tie.

The witness testified that Leonard had been to her home several times before the incident.

Defendant argues that "there's nothing in the record to indicate that the person Lee identified in the courtroom was one in the same as the defendant Randall Minnie-field." We disagree. In the presence of the jury, the witness pointed out the man she had seen carrying the television. She further particularized the identity of the person she was pointing out by describing the clothing he was wearing in court. There is no error on this issue.

### Issue 2—Bribery Evidence Sufficiency

■ Defendant next contends that the evidence was insufficient to sustain the jury's verdict of guilty of bribery. He ar-gues that the evidence shows only that he merely desired that Miss Lee dismiss the charges and offered to make restitution.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the ver-dict, without weighing evidence or assess-ing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

To convict the defendant of bribery as charged, it was necessary for the evidence to prove that he offered to confer property on witness Connie Lee with the intent that the witness withhold testimony or informa-tion.

The probative evidence and reasonable inferences favorable to the verdict show that the defendant offered sums of money, ranging from $100 to $500, to Connie Lee in exchange for her "dropping the charges." Finding that a reasonable trier of fact could conclude therefrom that de-fendant was guilty beyond a reasonable doubt, we find no error upon this issue.

### Issue 3—Conspiracy Evidence Sufficiency

■ Defendant contends that the evi-dence lacks sufficient proof of elements of conspiracy, agreement, and overt act in furtherance of the agreement.

The charge of conspiracy to commit mur-der alleged that defendant and his brother Leon Minniefield conspired and agreed with each other and/or with one Keith Eller to kill Connie Lee, and that by directing Eller to Miss Lee's residence, defendant thereby performed an overt act in furtherance of the agreement. Defendant contends that the State failed to prove both the existence of an agreement between Randall and Leon, and the performance of the required overt act.

The requisite elements of the offense of conspiracy are 1) intent to commit a felony,

2) an agreement with another person to commit the felony, and 3) an overt act in furtherance of that agreement. *Perkins v. State* (1985), Ind., 483 N.E.2d 1379; *Williams v. State* (1980), 274 Ind. 94, 409 N.E.2d 571.

The nature of the evidence required to prove a conspiracy agreement was recently summarized by Judge Ratliff in *Sutton v. State* (1986), Ind.App., 495 N.E.2d 253, 257:

A conspiracy entails an intelligent and deliberate agreement between the parties. *Survance v. State* (1984), Ind., 465 N.E.2d 1076, 1080. But the state is not required to prove the existence of a formal express agreement. *Abner v. State* (1985), Ind., 479 N.E.2d 1254, 1258; *Survance*, at 1080; *Williams*, 274 Ind. at 96, 409 N.E.2d at 573; *Ridgeway v. State* (1981), Ind.App., 422 N.E.2d 410, 415. "It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to commit the offense...." *Williams*, 274 Ind. at 96, 409 N.E.2d at 573. This may be inferred from the acts committed and the circumstances surrounding the defendant's involvement. *Survance*, at 1080–81; *Reese v. State* (1983), Ind., 452 N.E.2d 936, 941; *Abner*, at 1258; *Williams*, 274 Ind. at 96, 409 N.E.2d at 573. Understandably then, a conviction for conspiracy may, and often will, rest solely on circumstantial evidence. *Williams*, at 96, 409 N.E.2d at 573.

With respect to the overt act requirement, Ind.Code § 35–41–5–2(b) expressly provides that the overt act in furtherance of the agreement may be performed either by the accused person or by "the person with whom he agreed."

Supporting the verdict are the following facts and inferences. After defendant was arrested on the bribery charge, he warned Connie Lee's roommate that if Lee comes to court, "she wouldn't make it out of the parking lot alive." The roommate later received another call from defendant advising that Lee "is going to be wasted." After learning that a fellow prisoner was soon to be released, defendant advised the cellmate that he wanted to arrange a con-tract killing of Connie Lee. Defendant advised the cellmate to get in touch with defendant's brother Leon who "was to furnish the gun and the money to have Connie killed." The cellmate agreed and promised to "take care of it when I get out." Upon his release from jail, the cellmate contacted defendant's brother Leon, discussed the cost of the hired killing, and then took Leon to meet with Eller, a state police trooper posing as a "hit-man." Leon and Eller discussed the contract killing, and Leon indicated that he would provide the weapon and the payment. Leon thereafter proceeded to show Eller where Miss Lee lived and how to get to her house. There was no evidence that any gun or money exchanged hands.

Defendant contends that, regardless of his own intentions, the requisite agreement did not occur because his brother Leon did not cooperate or concur with defendant's desire to obtain the killing. He stresses his claim of insufficient evidence of any agreement between defendant and Leon. However, the brothers were jointly charged as co-defendants and alleged to have agreed either among themselves or with Eller. Thus, the existence of an agreement between defendant and Eller, even absent an agreement with Leon, would be sufficient.

We find that the jury could reasonably find that defendant deliberately agreed both with his brother, and with Keith Eller, to kill Connie Lee.

█ Defendant also claims insufficient proof of overt act resulted because Connie Lee was no longer living in the residence to which Eller was taken. Leon Minniefield testified that he purposefully drove Eller to Miss Lee's former residence, knowing that she no longer resided there. The State argues that the jury was entitled to reject as self-serving Leon's claim that he knew Miss Lee had already moved.

Eller testified that Leon came to Eller's motel room, discussed the desire of Leon and defendant to have Connie Lee killed, and offered to provide a revolver and $500.00 payment for the killing. Upon leaving the motel room, Leon directed Eller to a duplex apartment which Leon identi-

fied as the residence of the intended victim. Leon advised Eller which door to enter and then to go up a flight of stairs, to knock on the door, and to give a code name to gain admittance into the home, whereupon Eller was to kill Connie Lee. Thereafter, when Leon failed to produce the money and murder weapon as agreed, Eller overheard the contents of a telephone call in which defendant stated that he still wanted Connie Lee to be killed, that he did not know why his brother Leon had failed to show up with the handgun and the money for the killing, and that defendant would get in further contact with Leon.

The question is whether the actions of Leon, as a person with whom defendant agreed to commit murder, constituted a sufficient overt act in furtherance of the agreement. Despite Leon's trial testimony asserting intentional deception of Eller regarding the location of the Lee residence, we find his conduct at the time to be sufficient to enable a reasonable trier of fact to find the overt act element proven beyond a reasonable doubt.

We therefore reject defendant's contention of error upon this issue.

### Issue 4—Verdict Inconsistency

■ While finding defendant guilty of conspiracy to commit murder, the jury returned a not guilty verdict[1] as to his brother Leon on the same charge. Defendant contends that, because all co-conspirators were tried together and all but one were found not guilty, the jury verdicts are inconsistent. He further asserts the unconstitutionality of the section of the conspiracy statute, Ind.Code § 35-41-5-2(c) which provides that acquittal of a co-conspirator is no defense.

Defendant's argument presupposes that the conspiracy charges were based solely upon defendant's conspiring with his brother Leon. However, the information charged that the defendant and his brother conspired with each other, and with another person, Keith Eller. The jury's acquittal

of Leon therefore is not inconsistent with a finding that defendant was guilty of conspiring with Keith Eller. The acquittal is supported by evidence that after showing Eller the Connie Lee residence, Leon began to exhibit reluctance and eventually abandoned participation in the conspiracy. The jury was instructed on the defense of abandonment.

■ We further note that the crime of conspiracy to commit murder may be committed by a single conspirator who, acting through a police informant, employs an undercover law enforcement officer to commit murder. *Garcia v. State* (1979), 271 Ind. 510, 394 N.E.2d 106.

We find no reversible error. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.

Minniefield was acquitted of the charge of conspiracy.

---

1. While it does not readily appear in the record of proceedings furnished to the court, the State's brief accepts defendant's assertion that Leon