Robert ANDERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8802–169.

Supreme Court of Indiana.

Jan. 23, 1991.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Justice.

Defendant–Appellant Robert Anderson was convicted of Murder after a jury trial and was sentenced to fifty (50) years imprisonment. The only issue raised in this direct appeal from a denial of his belated Motion to Correct Errors concerns Anderson's claim of ineffective assistance of trial counsel..

The evidence most favorable to the verdict reveals that on the night of December 6, 1986, the victim, Michael Shaifer, and his friend, Jessie Dunn, were walking along 24th Avenue in Gary after they left a bar called Terrell's. A man whom Dunn recognized to be Anderson walked up to Dunn and Shaifer from behind. Anderson then held a gun to Shaifer's back and pushed him down the street. After Shaifer attempted to break free, Anderson hit Shaifer twice on the head with the gun and knocked him to the ground and then said, "You must want to die." Anderson then grabbed Shaifer's arm and pulled him up off the ground. At this point, Shaifer broke free, backed up about three steps, turned around and started down the street. Anderson yelled at Shaifer to stop and then shot him in the back from a distance of five or six feet. Dunn saw Shaifer run away and saw Anderson chase after him. Shaifer died as a result of the gunshot wound.

Anderson complains that his trial counsel was ineffective because he failed to tender an instruction on voluntary manslaughter and because he did not advise Anderson to testify in his own behalf. Anderson testified at the hearing on his belated Motion to Correct Errors that Shaifer was the man who recently robbed a Shell station while Anderson was working there. Recognizing Shaifer on the night of the shooting, Anderson stated that he held Shaifer at gunpoint in order to take him back to the Shell station to call police. According to Anderson, they got into a scuffle, Shaifer started to run away and Anderson shot in Shaifer's direction, without trying to kill him, in order to make him stop. Anderson further testified that he related this story to his attorney but did not want to testify because he had a prior conviction for voluntary manslaughter, reduced from murder pursuant to a plea agreement, and he did not want this information revealed to the jury. Anderson now argues, however, that if he had testified, he could have presented enough evidence to support a jury instruction on "sudden heat" so that it, the jury, could consider convicting him of voluntary manslaughter instead of murder. Anderson's trial attorney testified that he did discuss with Anderson the "pros and cons" of having him testify and that Anderson made the decision not to testify. In addition, the record shows that Anderson's attorney tendered an instruction on sudden heat, which was refused, and that he had a discussion with the trial judge concerning a voluntary manslaughter instruction, but the judge found there was insufficient evidence to support such an instruction.

When reviewing claims of ineffective assistance of counsel, judicial scrutiny of an attorney's performance is highly deferential, and counsel's performance will be presumed to fall within the range of reasonably professional assistance. *Strickland v. Washington* (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694–95; *Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1129. To prevail on this claim, Anderson must prove that his counsel did not give reasonably effective assistance as measured by the prevailing professional norms and that his counsel's defi-

cient performance not only prejudiced the defense but undermined the reliability and fairness of the proceeding. *Lamb v. State* (1987), Ind., 511 N.E.2d 444, 445; *Hudson v. State* (1986), Ind., 496 N.E.2d 1286, 1294. Anderson has failed to prove either one of these propositions.

First, Anderson has failed to prove that his counsel was ineffective as measured by the prevailing professional norms. His trial counsel testified that he met with Anderson on several occasions before the trial and throughout the trial. He further testified that he discussed the "pros and cons" of testifying with Anderson and that Anderson chose not to testify. While we realize that serious consequences flowed from this decision, ultimately the client, not his attorney, must choose either to testify and risk the dangers inherent in being cross-examined, or remain silent and thereby keep possibly damaging information from the jury. Here, Anderson made the decision that he did not want to risk the jury's learning of his prior conviction for voluntary manslaughter. In hindsight, Anderson now argues that had he testified, the State may not have been allowed to introduce evidence of his prior conviction to impeach him. However, if he had offered any testimony to show that he was of good character, he would have opened the door to evidence of prior misconduct, including specific acts such as homicide. *Berkley v. State* (1986), Ind., 501 N.E.2d 399, 400; *Bond v. State* (1980), 273 Ind. 233, 240-41, 403 N.E.2d 812, 818; *Robertson v. State* (1974), 262 Ind. 562, 565, 319 N.E.2d 833, 835. Therefore, the decision not to put Anderson on the witness stand was a matter of trial strategy, and we cannot say that Anderson's choice resulted from ineffective assistance of counsel.

Secondly, Anderson has failed to show that the alleged ineffectiveness was prejudicial. It is not enough to show that counsel's errors may have had some conceivable effect on the outcome of the proceeding. Anderson must show there is a reasonable probability that, absent the errors, the jury would have had a reasonable doubt respecting guilt. *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068-69, 80 L.Ed.2d at 698; *Lay-*

*ton v. State* (1986), Ind., 499 N.E.2d 202, 205. We cannot say that there is a reasonable probability that had Anderson testified, the jury would have had a reasonable doubt as to his guilt of murder as opposed to voluntary manslaughter. The uncontroverted evidence shows that Shaifer was shot in the back. Furthermore, Dunn testified that after Anderson knocked Shaifer to the ground he said, "You must want to die." Anderson has failed to show prejudice.

Anderson has failed to prove either that his trial counsel was ineffective or that such alleged ineffectiveness was prejudicial. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.