Michael WHITENER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 20S00–9607–CR–477.

Supreme Court of Indiana.

June 4, 1998.

Cecelia J. McGregor, Goshen, for Appellant.

Jeffrey A. Modisett, Attorney General, Suzann W. Lupton, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Defendant Michael Whitener was found guilty of murder and attempted murder. The trial court sentenced defendant to serve consecutive sentences of sixty years for the murder conviction and forty-five years for the attempted murder conviction. The sentences were also to be served consecutively to a sentence imposed earlier in another court. Defendant now challenges his conviction in this direct appeal. Defendant raises one issue: whether he received ineffective assistance of trial counsel. We hold that he received effective assistance of counsel and affirm the trial court.

## FACTS

In the early evening of May 18, 1995, a member of the Gangster Disciples gang was shot to death by a police officer. Later that same evening, other members of the gang met to discuss the shooting. Defendant was at the meeting, as were Michael Hawkins, Delvecchio Hawkins, Jermell Williams, and Antonio Simms. Defendant suggested that they get revenge by shooting the first white person that they encounter. Everybody agreed and continued to talk about the plan. Defendant asked Simms for Simms' gun, but Simms refused and left the meeting.

What occurred next is subject to dispute. At trial, the State had Williams, Delvecchio Hawkins, and Michael Hawkins testify against defendant. Both Delvecchio Hawkins and Williams had entered into a plea agreement with the State wherein they would receive six year sentences in exchange for their testimony. The State's witnesses testified to the following series of events. After Simms left, defendant asked Michael Hawkins if defendant could use Hawkins' gun. Hawkins agreed, went home to his apartment to get the gun, and brought it back for defendant. Jermell Williams and Delvecchio Hawkins then flagged down a car with two white men in it who were looking to buy some crack cocaine. After the car stopped, Williams reached into the car and pulled the keys out of the ignition. At that point, defendant began shooting into the car. One of the men in the car died from gunshot wounds, and the other was hit but survived.

Defendant also testified at trial. Defendant testified that, after Simms refused to supply a gun, Michael Hawkins raised his shirt and showed everybody that he had a gun. Delvecchio Hawkins then left the group to flag down a car he had seen with two white men in it. When Delvecchio returned with the news that he had stopped the car, defendant told Delvecchio they should not shoot the two men but should, instead, rob and beat them. When the others wanted to follow the original plan and shoot the two men, defendant left the group and walked away.

During opening statements, the State argued to the jury that it would prove defendant was the individual who shot into the car. During closing statements, the State argued that, even if the jury could not find that defendant was the shooter, the jury could still convict him under Ind.Code § 35–41–2–4 because he had aided or induced the others in the commission of the crime.[1] The jury found defendant guilty of murder and attempted murder.

## DISCUSSION

Defendant's argument is that he was denied a fair trial because he received ineffective assistance of counsel. The argument can be narrowed to three specific allegations. First, defendant contends that he received ineffective assistance when his counsel had him testify. Second, defendant contends that he received ineffective assistance when his counsel failed to tender jury instructions concerning the defense of abandonment. Third, defendant contends that he received ineffective assistance when his counsel failed to object to the State's use of the aiding or inducing statute.

To prevail on an ineffective assistance of counsel claim, a defendant must prove both parts of the two part test as set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Matheney v. State,* 688 N.E.2d 883, 897 (Ind.1997) *reh'g denied* (March 31, 1998). First, the defendant must prove that his counsel's performance fell below an objective standard of reasonableness. Second, the defendant must show that the substandard performance was so prejudicial as to deny him a fair trial. A defendant is denied a fair trial only when the conviction occurs as the result of a breakdown in the adversarial process which renders the trial result unreliable. *Potter v. State,* 684 N.E.2d 1127, 1131 (Ind. 1997). Isolated poor strategy or bad tactics do not necessarily amount to ineffective assistance of counsel. *Davis v. State,* 675 N.E.2d 1097, 1100 (Ind.1996).

Defendant's first contention is that he received ineffective assistance when his counsel had him testify. In its opening argument, the State argued that it would prove defendant shot the victims. In its closing argument, the State argued that the jury could find defendant guilty either because he was the shooter or because he aided or induced the crime. Defendant contends that the State would not have been able to change its theory of the crime if he had not been called to testify.

The determination of whether or not a defendant should testify is a matter of trial strategy. *Anderson v. State,* 565 N.E.2d 336, 338 (Ind.1991). Counsel's decision to have defendant testify was not unreasonable and cannot satisfy the performance prong of the test. This Court will not lightly speculate as to what may or may not have been an advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best. *See Potter,* 684 N.E.2d at 1133. By the end of the State's case, four witnesses had identified defendant as the shooter. Two eyewitnesses testified that they had seen defendant shoot into the car and a third testified that he believed that "it had to be [defendant]." (R. at 437.) The fourth witness testified that, during a later conversation, defendant admitted to being the shooter. Defendant claims that he left the group before the shooting occurred. The only apparent way for defendant to present this evidence was through his own testimony.

Defendant's second contention is that he received ineffective assistance when his counsel failed to tender jury instructions on an abandonment defense. Defendant testified that he initiated the idea of shooting for revenge. He further testified that he then tried to dissuade the others from shooting the men and, when that failed, he left the

---

1. The statute reads:

   Aiding, inducing or causing an offense. A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person: (1) has not been prosecuted for the offense; (2) has not been convicted of the offense; or (3) has not been acquitted of the offense.

   Ind.Code § 35–41–2–4 (1993).

group before the shooting. Defendant argues that this constitutes the defense of abandonment under Ind.Code § 35–41–3–10 [2] and that he received ineffective assistance because his counsel never instructed the jury on this defense.

■ Counsel was not ineffective in this respect. First, defendant cannot meet the performance prong. The decision of whether or not to present a defense can be considered a matter of trial strategy and will not be lightly second guessed. *See Potter,* 684 N.E.2d at 1133; *Davis,* 675 N.E.2d at 1101. In the present case, trial counsel could, perhaps, have pursued an abandonment defense.[3] Trial counsel could also have chosen, as he did, to attack the underlying theory of aiding or inducing the commission of the crime. During his closing argument, counsel read the instruction on aiding or inducing and read the instruction informing the jury that it is their duty to interpret the law as given them by the judge. Counsel then argued to the jury why it should not agree with the State's theory that defendant aided or induced this crime. Counsel argued that the aiding or inducing statute was intended for those who are integrally involved in the crime, not for one who "merely talks about something, and then later talks against it." (R. at 568.)

Even assuming that defendant meets the performance prong on this issue, we do not believe that defendant can meet the prejudice prong. Throughout the trial, counsel continuously attacked every element of the State's case, including the credibility of the witnesses, the actual sequence of events, and the State's theory of aiding or inducing. The two conflicting stories, with all of their strengths and weaknesses, were presented to the jury. Defendant received a fair and reliable trial through the adversary process.

■ Defendant's third contention is that he received ineffective assistance when his counsel failed to object to the State's change of theory and to the prosecutor's

2. The statute reads:

> Abandonment. With respect to a charge under Ind.Code § 35–41–2–4 [the aiding or inducing statute], . . . , it is a defense that the person who engaged in the prohibited conduct voluntarily abandoned his effort to commit the underlying crime and voluntarily prevented its commission.

Ind.Code § 35–41–3–10 (1993).

3. It is clear that abandonment is a statutory defense to an aiding or inducing charge. Ind. Code § 35–41–3–10. What is not clear is when a defendant can validly assert such a defense. For example, in *Brownlow v. State,* 272 Ind. 678, 400 N.E.2d 1374 (1980), this Court held that a defendant convicted of accessory before the fact to felony murder under Ind.Code § 35–41–2–4 was unable to assert the abandonment defense. In *Brownlow,* the defendant and another man picked up and robbed two hitchhikers at gunpoint. The defendant suggested that they let the hitchhikers go, but the other man vetoed the idea. *Id.* at 1375. They then drove to a secluded area where one of the hitchhikers was killed by the other man. The defendant argued that the trial court erred in refusing to instruct the jury on the lesser included offense of robbery because he had abandoned the criminal effort after the robbery but before the killing. This Court held that the defendant was not entitled to the defense because, even if he had tried to dissuade the other man from proceeding further, he did not prevent the commission of the crime. We also noted that the victim was killed during a felony venture, of which the defendant had been a part. *Id.* The holding in *Brownlow* seems to track the language of the statute by requiring both an abandonment of intent and a prevention of the crime. Ind.Code § 35–41–3–10. However, some case law and a report by the Indiana Criminal Law Study Commission provide a different interpretation of the abandonment defense: "one who had aided and encouraged [a crime's] commission may nevertheless[,] before its completion, withdraw all his aid and encouragement and *escape criminal liability for the completed crime.*" *Hedrick v. State,* 229 Ind. 381, 98 N.E.2d 906, 907–08 (1951) (emphasis added); *see Harrison v. State,* 269 Ind. 677, 382 N.E.2d 920, 927–28 (1978) (reaffirming *Hedrick* as sufficiently stating the law on abandonment); Ind. Code Ann. § 35–41–3–10 (West 1978) (commentary by the Indiana Law Study Commission noting that the newly enacted statute is consistent with the law as set out in *Hedrick* ); *see also Minniefield v. State,* 512 N.E.2d 1103, 1106 (Ind. 1987) (noting that one member of a conspiracy may abandon even if the others continue). Perhaps the answer to reconciling the different interpretations lies in the fact that the defendant in *Brownlow* had already committed the felony portion of the felony murder, *see Sheckles v. State,* 501 N.E.2d 1053, 1055–57 (Ind.1986), or in the fact that the result had become inevitable, *see Harrison,* 382 N.E.2d at 927, or in the fact that the defendant had never actually abandoned the situation. As the issue is not squarely before us and is not essential to the resolution of the issue, we leave it to be resolved another time.

repeated mention of the aiding or inducing theory of guilt. Before a defendant can show that his counsel's failure to object constitutes deficient performance, the defendant must be able to show that the objection would have been sustained. *See Potter,* 684 N.E.2d at 1134. Defendant cannot meet this standard on either of his contentions. First, although it has become common practice to put the defendant on notice that he is being charged under the aiding and inducing statute, a defendant may be convicted on evidence of aiding or inducing even though the State charged the defendant as the principal. *See Thacker v. State,* 556 N.E.2d 1315, 1322 (Ind. 1990); *Lawson v. State,* 274 Ind. 419, 412 N.E.2d 759, 763 (1980). Therefore, the trial court would not have sustained an objection, had one been made, to the State's change of theory. Second, the State is entitled to argue the facts and the law which the facts support: *See Potter,* 684 N.E.2d at 1134. Thus, the court would not have sustained any objections to the prosecutor's repeated reference to the aiding or inducing statute.

## CONCLUSION

The conviction is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.