**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Appellate Clinic
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jun 29 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

HAROLD L. TICE, JR.,                )
                                    )
    Appellant-Defendant,           )
                                    )
        vs.                     )    No. 15A04-1110-PC-631
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.            )

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-1108-PC-4

June 29, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Harold L. Tice, Jr., appeals the post-conviction court's denial of his petition for post-conviction relief. Tice raises one issue which we revise and restate as whether the post-conviction court abused its discretion in denying Tice's motion for a continuance and whether he was denied the effective assistance of trial counsel. We affirm.

## FACTS AND CASE HISTORY

After an incident in September 2006, the State charged Tice with sexual misconduct with a minor as a Class C felony and contributing to the delinquency of a minor as a Class A misdemeanor. Tice v. State, No. 15A01-1010-CR-518, slip op. at 3 (Ind. Ct. App. June 10, 2011). During the weekend immediately prior to Tice's trial, his counsel apparently requested a continuance because counsel's father had been hospitalized. Id. Although the discussion was not recorded for the record, the court denied the motion for a continuance. Id. A jury found Tice guilty as charged. Id. On September 28, 2010, the court sentenced Tice to five years in the Department of Correction with one year suspended to probation. Id.

On direct appeal, Tice argued that the trial court erred when it denied his motion for a continuance, denied his challenge to a prospective juror for cause, and denied his motion to strike a witness's reference to rape, and this court affirmed. Id. at 2. With respect to whether the trial court abused its discretion by denying Tice's motion for a continuance of the trial as a result of the illness of his trial counsel's father, we observed that Tice conceded that whether the denial of his motion for a continuance prejudiced the trial was unknown and that Tice failed to direct our attention to any portion of the record where he was prejudiced by the denial. Id. at 5. We also held that "our review of the

2

record fails to uncover any evidence that defense counsel was not prepared for trial." Id. We concluded that the trial court did not abuse its discretion by denying Tice's motion for a continuance. Id.

On August 24, 2011, Tice filed a *pro se* petition for post-conviction relief alleging ineffective assistance of trial counsel. Specifically, Tice alleged that his trial counsel was not properly prepared. On August 25, 2011, the State filed an answer and a motion for summary disposition. The chronological case summary contains the following entry dated August 30, 2011: "Notice to Set Hearing on Plaintiff's Petition for Post-Conviction Relief on September 19, 2011 at 10:30 a.m." Appellant's Appendix at 2. That same day, the court issued an order to transport.

On September 14, 2011, Tice filed a motion for a stay in the proceedings. Tice alleged that he mailed a letter around August 1, 2011, to his trial counsel requesting his attorney/client file in order to prepare for a post-conviction hearing, but received no response and "may need to have [the] court compel him to" respond. Id. at 15.

On September 19, 2011, the court held a hearing. At the beginning of the hearing, the court denied Tice's motion for a stay in the proceedings and stated:

> The transport officers had already transported Mr. Tice when the Court reviewed the motion, so on his request to be transported to Dearborn County, that motion was granted. And then once the Dearborn County sheriff had driven to the Indiana Department of Corrections he asked that it be stayed so he could gather more information, and the Court denies that request.

Transcript at 4. Tice stated: "I would like to maybe file a continuance because I had not heard back from my trial attorney to give my attorney client thoughts." Id. at 5. Tice referenced the denial of his trial counsel's motion for a continuance and indicated that he

3

was not prepared. Specifically, Tice stated: "[M]y attorney at the time had, had some other things going on in his life with his, with his father having a surgery, I believe it was open-heart surgery, and I just don't feel that he was, where he, you know, where he should have been. I can't, I just, I'm just not, just not prepared today." Id. at 7. The State indicated that the sheriff transported Tice back on his own motion, that it had previously filed a motion for summary disposition, and argued that the direct appeal essentially addressed the same matter. The court took the matter under advisement and issued an order later that day denying Tice's petition.

On October 4, 2011, Tice filed a *pro se* Notice of Appeal and *pro se* Motion to Compel Production of Attorney Client File. On October 5, 2011, the court granted Tice's motion to compel and ordered Tice's trial counsel "to turn over all papers to which [Tice] is entitled under Indiana law." Appellant's Appendix at 34.

## DISCUSSION AND ANALYSIS

The issue is whether the post-conviction court abused its discretion in denying Tice's motion for a continuance and whether he was denied the effective assistance of trial counsel. It is well-established that we review the grant or denial of a continuance for abuse of discretion. Tapia v. State, 753 N.E.2d 581, 586 (Ind. 2001). An abuse of discretion occurs only where the evidence is clearly against the logic and effect of the facts and circumstances. Evans v. State, 809 N.E.2d 338, 342 (Ind. Ct. App. 2004), trans. denied.

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Fisher v. State, 810 N.E.2d 674,

4

679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. Further, the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). Id. "A postconviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Id. In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), reh'g denied), reh'g denied, cert. denied, 534 U.S. 830, 122 S. Ct. 73 (2001). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to

5

undermine confidence in the outcome. Perez v. State, 748 N.E.2d 853, 854 (Ind. 2001). "[L]ogic dictates that 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" Hilliard v. State, 609 N.E.2d 1167, 1169-1170 (Ind. Ct. App. 1993) (quoting Strickland, 466 U.S. at 696, 104 S. Ct. at 2069)). Failure to satisfy either prong will cause the claim to fail. French, 778 N.E.2d at 824. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. Id.

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Morgan v. State, 755 N.E.2d 1070, 1072 (Ind. 2001). "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." Williams v. State, 771 N.E.2d 70, 73 (Ind. 2002). Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel. Clark v. State, 668 N.E.2d 1206, 1211 (Ind. 1996), reh'g denied, cert. denied, 520 U.S. 1171, 117 S. Ct. 1438 (1997). "Reasonable strategy is not subject to judicial second guesses." Burr v. State, 492 N.E.2d 306, 309 (Ind. 1986). We "will not lightly speculate as to what may or may not have been an advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best." Whitener v. State, 696 N.E.2d 40, 42 (Ind. 1998).

Tice argues that he was given less than a month to prepare for a post-conviction hearing, had nothing to gain by delay, and had acted in a diligent and timely manner by

6

requesting a continuance at his first opportunity "just a matter of days after the trial court issued its transport order on August 30." Appellant's Brief at 6. Tice also argues that the prosecutor pointed to no prejudice to the State in granting a continuance and that "it is not appropriate to deny a continuance based on the inconvenience to the county in transporting an inmate on one occasion from prison for a hearing." Id.

The State argues that the post-conviction court had already set the hearing date and ordered Tice's transportation. The State also asserts that the whole basis of Tice's claims derives from the denial of the motion to continue at trial and that this court addressed the denial on direct appeal.[1]

In his reply brief, Tice argues that he requested a continuance at his earliest opportunity because the August 30, 2011 transport order took some time to arrive in his cell and Tice mailed his motion for a stay on September 8, 2011 according to the certificate of service. Tice contends that the direct appeal claim was based on a "more limited record than the one that would have been developed on post-conviction." Appellant's Reply Brief at 3. Tice also argues that petitions for post-conviction relief are routinely amended after additional investigation.

The basis of Tice's ineffective assistance of counsel claim on post-conviction derives from the denial of his motion to continue the trial that we addressed on direct

---

[1] The State asserts that there is a "real and large possibility that only some if not all of the file, despite Tice's client status, may still be privileged as attorney work product." Appellee's Brief at 5. The State argues that it "does not know if such a claim of privilege (work-product) would have been made here by Tice's lawyer, with respect to some or all [of] the file, but rather than seek to subpoena his trial lawyer, Tice sought the actual work product, and that seems problematic on the face of it." Id. In his reply brief, Tice argues there is no suggestion that the file contained privileged materials, and even if it did, the State could not have asserted the privilege. We observe that neither the State, even assuming that it could, nor Tice's trial counsel is asserting the privilege. Thus, we need not address this issue.

7

appeal. It is undisputed that Tice alleged in his appeal that the trial court abused its discretion in denying his motion to continue the trial. Tice, slip op. at 2. In squarely addressing that issue, we noted that there was no evidence in the record that the denial of the continuance prejudiced Tice. Id. at 5. We pointed out that the record failed to uncover any evidence that defense counsel was not prepared for trial. Id.

As the State has contended, Tice's direct appeal essentially addressed the same matter as that raised in his claim on post-conviction. Therefore, it is the law of this case that Tice's counsel did not perform poorly as a result of this denial of his motion to continue. Indeed, we have already reviewed the record in Tice's direct appeal and determined that, despite being compelled to proceed to trial without a continuance, Tice's lawyer was still prepared, and the denial of the continuance did not prejudice Tice in any fashion.

In light of these circumstances, we conclude that Tice was not prejudiced by the denial of the motion to continue the hearing in this subsequent post-conviction phase. The basis of Tice's ineffective assistance of trial counsel claim in the post-conviction court was the denial of the continuance, but because we concluded that the denial of the motion for the continuance of the trial did not prejudice Tice's trial, his attorney's performance could not have been prejudiced, either.

For the foregoing reasons, we affirm the post-conviction court's denial of Tice's motion for a continuance and petition for post-conviction relief.

Affirmed.

BAKER, J., and KIRSCH, J., concur.