## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 05 2017, 5:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

John Pinnow
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph Miller,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

April 5, 2017

Court of Appeals Case No.
64A04-1609-PC-2121

Appeal from the
Porter Superior Court

The Honorable
Roger V. Bradford, Judge

Trial Court Cause No.
64D01-1402-PC-918

**Kirsch, Judge.**

[1] Joseph Miller ("Miller") appeals the denial of his petition for post-conviction relief, contending that the post-conviction court erred. On appeal, he raises the

following restated issue for our review:  whether Miller received ineffective assistance of his appellate counsel.

We affirm.

## Facts and Procedural History

The facts supporting Miller's conviction as set forth by this court in an unpublished memorandum decision on his direct appeal are as follows:

> In July of 2009, then-nine-year-old M.S. traveled to Porter to visit her father, S.S., for the month.  As she had during previous visits, M.S. also liked to visit with Miller, her paternal uncle.  On July 26, 2009, M.S. spent the night at Miller's house after spending the day with Miller and his family.  While several family members slept in other rooms, M.S. and Miller watched television in the living room, where a bed had been made for M.S.  At some point, Miller "started rubbing" M.S. "[d]own there."  *Tr.* at 31.  Miller then told M.S. to "l[ie] down and take off [her] shorts and underwear."  *Id.*  Feeling "[r]eally scared," M.S. did as she was told.  *Id.*  Miller then "put his thing in [M.S.'s.]," but she did not know how far inside he placed his penis.  *Id.* at 32.  He also licked her "down there" and had her touch his penis.  *Id.* at 33.  Miller then asked M.S. to go into the bathroom with him, but she refused.

> The next morning, M.S. reported the incident to A.P., her father's girlfriend's daughter, who later reported it to her mother, Natalie Hardesty.  That evening, Hardesty reported M.S.'s account to S.S., who took M.S. to Porter Hospital.  Janice Ault ("Ault"), an emergency room nurse and Sexual Assault Nurse Examiner, examined M.S.  *Id.* at 63.  Ault found "perihymenal redness," or redness around the hymen, which is a "normal finding in children."  *Id.* at 78.  She also found "a small, circular

red area on the hymen," *id*. at 79, which she considered normal and not necessarily an injury as "redness can be a normal finding." *Id*. at 80.

*Miller v. State*, No. 64 A03-1105-CR-204, *1-*2 (Ind. Ct. App. Nov. 16, 2011), *trans. denied*.

[4] On July 31, 2009, the State charged Miller with two counts of Class A felony child molesting, Count I alleging that Miller "knowingly or intentionally perform[ed] or submit[ed] to sexual intercourse" with M.S. and Count II alleging that Miller "knowingly or intentionally perform[ed] or submit[ed] to deviate sexual conduct" with M.S. *Appellant's Trial App*. at 2. The charging information listed Miller's date of birth as "6-21-77." *Id*. The body of the charging information did not separately allege that Miller was over the age of twenty-one at the time he committed the offenses, but it alleged that the offenses took place on or about July 26, 2009. *Id*. On February 1, 2010, Miller filed a motion in limine, seeking to exclude any mention of his choice to exercise his right to remain silent. The trial court denied the motion "as to the fact of [Miller] being invited to speak to the police and declining" but granted it "as to any argument using" the fact that he declined to speak to the police, ordering the State not to "ask the jury to draw any inference from that fact . . . ." *Trial Tr*. at 7.

[5] A jury trial took place on March 7-9, 2011. During the testimony of Ault, the State moved to admit M.S.'s medical records, and Miller objected, arguing that the medical records contained several hearsay statements by M.S., which were

not testified to in court. The State responded that any hearsay statements contained in the medical records were admissible under the exception for statements made for medical treatment, and the trial court overruled Miller's objection. S.S. testified at the trial that Miller was about thirty-five years old and that in July 2009, Miller was over the age of twenty-one. *Id*. at 198. Miller did not testify during the trial. Miller's parents and wife testified that they did not see or hear anything unusual the night M.S. spent the night. During his closing argument, Miller noted that the others present in the house did not hear anything unusual and that his wife never saw him leave the bedroom. In its rebuttal closing argument, the State stated that M.S.'s testimony was uncontroverted, but acknowledged that others in the home that night had testified that they did not hear anything. Miller did not object to the State's argument. At the conclusion of the trial, the jury found Miller guilty of Count II, child molesting as a Class A felony. At sentencing, the trial court found Miller's position of trust to be an aggravating circumstance and Miller's lack of "charged" prior criminal history to be a mitigating circumstance. *Sent. Tr.* at 38. Finding the aggravator and the mitigator to be equal in weight, the trial court sentenced Miller to the advisory sentence of thirty years.

[6] Miller filed a direct appeal and was represented by counsel. On appeal, Miller alleged that the trial court abused its discretion in admitting M.S.'s medical records, the State committed prosecutorial misconduct in statements made during closing argument, and the trial court erred in sentencing him. A panel of this court affirmed the trial court in an unpublished memorandum decision, and

the Indiana Supreme Court denied transfer. *Miller v. State*, No. 64 A03-1105-CR-204, *1-*2 (Ind. Ct. App. Nov. 16, 2011), *trans. denied*.

On January 14, 2014, Miller filed a pro se petition for post-conviction relief. On October 19, 2014, an amended petition was filed by Miller's counsel, which alleged that Miller was denied the effective assistance of appellate counsel. An evidentiary hearing was held on this petition, and on August 31, 2016, the post-conviction court issued an order denying Miller's petition for post-conviction relief. Miller now appeals.

## Discussion and Decision

Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal. *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006); *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied,* 534 U.S. 1164 (2002). The proceedings do not substitute for a direct appeal and provide only a narrow remedy for subsequent collateral challenges to convictions. *Reed*, 856 N.E.2d at 1194. The petitioner for post-conviction relief bears the burden of proving the grounds by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

When a petitioner appeals a denial of post-conviction relief, he appeals a negative judgment. *Pruitt v. State*, 903 N.E.2d 899, 905 (Ind. 2009). The petitioner must establish that the evidence as a whole unmistakably and unerringly leads to a conclusion contrary to that of the post-conviction court.

*Id.* We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans. denied.* In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.* We accept the post-conviction court's findings of fact unless they are clearly erroneous, and no deference is given to its conclusions of law. *Fisher v. State*, 878 N.E.2d 457, 463 (Ind. Ct. App. 2007), *trans. denied.*

[10] When evaluating a claim of ineffective assistance of counsel, we apply the two-part test articulated in *Strickland v. Washington,* 466 U.S. 668 (1984). *Perry v. State*, 904 N.E.2d 302, 308 (Ind. Ct. App. 2009) (citing *Pinkins v. State,* 799 N.E.2d 1079, 1093 (Ind. Ct. App. 2003), *trans. denied*), *trans. denied.* First, the defendant must show that counsel's performance was deficient. *Id.* This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed to the defendant by the Sixth and Fourteenth Amendments. *Id.* Second, the defendant must show that the deficient performance resulted in prejudice. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

[11] Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied*. We will not lightly speculate as to what may or may not have been an advantageous trial strategy, as counsel should be given deference in choosing a trial strategy that, at the time and under the circumstances, seems best. *Perry*, 904 N.E.2d at 308 (citing *Whitener v. State,* 696 N.E.2d 40, 42 (Ind. 1998)). Isolated omissions or errors, poor strategy, or bad tactics do not necessarily render representation ineffective. *McCullough*, 973 N.E.2d at 74. The two prongs of the *Strickland* test are separate and independent inquiries. *Manzano v. State*, 12 N.E.3d 321, 325 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, 135 S. Ct. 2376 (2015). "Thus, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" *Id*. (quoting *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002)).

[12] The standard of review for a claim of ineffective assistance of appellate counsel is the same as that for trial counsel. *Massey v. State,* 955 N.E.2d 247, 257 (Ind. Ct. App. 2011) (citing *Bieghler v. State,* 690 N.E.2d 188, 192 (Ind. 1997), *cert. denied,* 525 U.S. 1021 (1998)). The defendant must show that counsel's performance was deficient in that counsel's representation fell below an

objective standard of reasonableness and that but for appellate counsel's deficient performance, there is a reasonable probability that the result of the appeal would have been different. *Id.* at 257-58 (citing *Overstreet v. State,* 877 N.E.2d 144, 165 (Ind. 2007), *cert. denied,* 555 U.S. 972 (2008)).

[13] As with ineffective assistance of trial counsel claims, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Id.* at 258 (citing *Timberlake,* 753 N.E.2d at 603). There are three different grounds for claims of ineffective assistance of appellate counsel: (1) counsel's actions denied the defendant access to appeal; (2) counsel failed to raise issues on direct appeal resulting in waiver of those issues; and (3) counsel failed to present issues well. *Id.* (citing *Wrinkles v. State,* 749 N.E.2d 1179, 1203 (Ind. 2001), *cert. denied*, 535 U.S. 1019 (2002)).

[14] Miller argues that he received the ineffective assistance of his appellate counsel. He alleges that his appellate counsel's performance was deficient because counsel failed to raise the issue on appeal that he was convicted and sentenced for Class A felony child molesting when the charging information only alleged the elements for a Class B felony. Miller contends that this issue was significant and obvious on the face of the record since the body of the charging information did not allege that he was over twenty-one years of age, which was the element that would elevate the child molesting offense to a Class A felony. Miller further claims that this unraised issue was clearly stronger than the issues that his appellate counsel raised on direct appeal because he asserts that none of the issues raised on appeal had a strong likelihood of success. He also argues

that he was prejudiced by his appellate counsel's deficient performance because there was a reasonable possibility that, if the error had been raised on appeal, his conviction would have been modified to a Class B felony, and he would have been resentenced accordingly.

[15] Miller was charged with Class A felony child molesting under Indiana Code section 35-42-4-3(a)(1), which at the time of Miller's offense stated in pertinent part:

> A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if: (1) it is committed by a person at least twenty-one (21) years of age[.]

Because Miller was charged with Class A felony child molesting, his age was an element of the crime. The caption of the charging information listed Miller's date of birth as "6-21-77." *Appellant's Trial App*. at 2. The body of the charging information did not separately allege that Miller was over the age of twenty-one at the time he committed the offenses, but it alleged the elements of the offenses and that the offenses took place on or about July 26, 2009. *Id*.

[16] At trial, Miller did not raise any objection to the charging information; therefore, appellate counsel would have been required to prove fundamental error occurred as to any challenge to the charging information on direct appeal. *See Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) ("A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be

reviewed on appeal if the reviewing court determines that a fundamental error occurred."). The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id*. "The error claimed must either 'make a fair trial impossible' or constitute 'clearly blatant violations of basic and elementary principles of due process.'" *Id*. (quoting *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009)). The fundamental error exception is available only in egregious circumstances. *Id*.

[17] Miller has not shown that he was prejudiced by his appellate counsel's failure to raise the charging information issue on direct appeal. "'The purpose of the charging instrument is to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense.'" *Hayden v. State*, 19 N.E.3d 831, 840 (Ind. Ct. App. 2014) (quoting *Ben-Yisrayl*, 738 N.E.2d at 271), *trans. denied*. Although the body of the charging information did not specifically state that Miller was over the age of twenty-one at the time he committed the charged offense, his birthdate was listed as "6-21-77" in the caption of the charging information and the body alleged that the charged offense occurred on or about July 27, 2009. *Appellant's Trial App*. at 2. This put Miller on notice of what he was being charged with since the body of the charging information contained the elements of the underlying offense and the caption included his date of birth. Additionally, at trial, S.S. testified that Miller was about thirty-five years old at the time of the trial and that, in July 2009, Miller was over the

age of twenty-one. *Tr.* at 198. The trial court gave Final Instruction 15, which instructed the jury that, in order to find Miller guilty of Class A felony child molesting, the State was required to prove that Miller was at least twenty-one years of age when he committed the offense. *Appellant's Trial App.* at 103.

[18] We, therefore, conclude that Miller was sufficiently on notice of the charges he was facing. *See Young v. State*, 30 N.E.3d 719, 723 (Ind. 2015) ("[i]t is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him[,]" and "[t]he question, then, is whether the defendant has clear notice of the charge or charges against which the State summons him to defend."). Based on the charging information, the evidence presented at trial, and the instructions given, Miller was adequately informed of the nature of the charge against him and was given a sufficient opportunity to prepare a defense. Therefore, had appellate counsel raised this issue on appeal, it is unlikely that this court would have concluded that fundamental error occurred and that the result of the appeal would have been different. The post-conviction court did not err in denying Miller's petition.

[19] Affirmed.

Robb, J., and Barnes, J., concur.