Gregory N. BROWNLOW, Appellant,

v.

STATE of Indiana, Appellee.

No. 1284S473.

Supreme Court of Indiana.

Oct. 25, 1985.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In June, 1978, appellant was charged with Accessory Before the Fact to Felony Murder. Appellant was sixteen (16) years old at the time. In November of 1978, the State filed a second count charging Robbery, a Class A felony. This count was subsequently dismissed by the trial judge because appellant had not been waived from juvenile court on that charge. A trial by jury resulted in a finding of guilty on the Felony Murder charge. Appellant was sentenced to thirty (30) years imprisonment. This Court affirmed his conviction in *Brownlow v. State* (1980), 272 Ind. 678, 400 N.E.2d 1374.

In June of 1984, a hearing was held on appellant's petition for post-conviction relief. The trial court denied relief. This appeal is from that ruling.

Appellant claims he was denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § 13 of the Indiana Constitution. To support this allegation, appellant lists twenty-three errors he believes were made by his attorney in the course of his trial. Many of these are frivolous and are not argued in appellant's brief; however, seven of the allegations are argued in the brief.

During the trial appellant had testified that he did not know Stroud, one of the perpetrators of the robbery, had a gun. To the defense attorney's surprise, Bradley, another participant in the crime, testified that he saw the gun on the table in the room in which appellant was present. Appellant now claims adequate investigation might have prevented the damaging testimony from getting to the jury. Trial counsel stated that Bradley had told his investigator a different story than that related on the witness stand. It is not unusual for witnesses to surprise counsel in their testimony. We cannot engage in hindsight to determine whether a particular witness should have been called. The judgment must be made according to the knowledge of counsel at the time of the calling of the

witness. *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

■ Appellant next claims counsel was inadequate in that he failed to include defense witness Lamar Anderson's complete testimony in the transcript of evidence for appeal. He totally neglects to tell us why this evidence would have been pertinent to any issue raised on the appeal and why counsel was remiss in failing to include the complete testimony. We thus will not second-guess trial counsel on this issue. *Strickland, supra.*

■ Next appellant claims his attorney erred in stipulating to the cause of death. There was no issue in the original trial as to the cause of death of the victim. The issue was purely appellant's participation in the crime. We see no misconduct in the attorney's action in this regard.

■ Appellant next claims his counsel erred in failing to provide him with discovery information before trial. In his brief he does not furnish us with any statement of what his counsel failed to furnish nor does he point out in what manner he was prejudiced in this regard. In fact his bare statement of the allegation is the only indication in the record that his counsel failed to give such information. Appellant has wholly failed to establish this allegation.

■ Appellant next claims his counsel erred in failing to object to a juror remaining on the jury after he said he knew the victim. The record shows that the juror in question had informed the court that he believed he had gone to school with a person of the same name as the victim of the crime. However, upon questioning it was developed that he knew very little of this person and that the fact they had attended the same school would have no affect on his ability to hear the case. We find no improper judgment on the part of counsel in this regard.

■ Appellant claims his counsel erred in failing to object to the improperly amended charging information. The only thing we see in the record in this regard is that appellant's counsel had filed a motion to dismiss the original information. Following a hearing on that information, the State filed an amended information which added the word "knowingly" to the charge. Appellant gives us no reason why counsel should have objected to such amended information. He completely fails in his burden of proof in this regard.

■ Appellant claims his trial counsel erred in failing to object to Instruction No. 4, which instructed the jury as to the definition of robbery. Appellant claims this was error because the robbery count was dismissed by the trial judge for the reason appellant had not been waived from juvenile court on that charge. He now claims the giving of the instruction was error. Although the robbery charge had been dropped, appellant still remained charged with felony murder stemming from the perpetration of a robbery. Thus it was necessary to instruct the jury on the definition of robbery, in that it was necessary for the jury to find that a robbery in fact had been perpetrated before it could come to the conclusion that a felony murder had been committed. The trial court did not err in giving Instruction No. 4.

■ Appellant claims he was denied his right of due process of law in that he was improperly waived from juvenile court. He claims that although juvenile courts had no jurisdiction over offenses punishable by death or life imprisonment prior to 1975, in that year the exclusion was changed to persons charged with first degree murder. Appellant further claims that the Indiana Penal Code which became effective on October 1, 1977, eliminated the distinction between first degree murder and second degree murder and replaced those offenses with the single crime of murder, Ind.Code § 35–42–1–1. He argues the legislature did not change the jurisdiction of the juvenile court or amend the definition of "delinquent child" to be consistent with the penal code.

Thus he claims between the effective date of the new penal code and October 1, 1979, the effective date of the new juvenile code, there were jurisdictional questions concerning the crime of murder involving a juvenile defendant. He points out that he was sixteen years old at the time the crime in question was committed on April 4, 1978. Appellant further asserts it was not until three years after he was arrested that the offense of murder was excluded from juvenile court jurisdiction for a child over sixteen, citing Acts 1981, P.L. 266, § 1 [codified at Ind.Code § 31-6-2-1(d)].

In enacting Acts 1978, P.L. 2, § 3109, which became effective March 9, 1978, the legislature excluded from juvenile court jurisdiction those juveniles charged with murder. That provision provided in pertinent part:

"(a) Under this chapter, a child is a 'delinquent child' if he:

(1) commits an act which, if committed by an adult, would be an offense, except:

(A) Murder or an included offense in a case in which the offender was charged with murder; ..." Ind.Code § 31-5-7-4.1 (Burns Supp.1978) (repealed by Acts 1978, P.L. 136, § 57, effective October 1, 1979).

The crime for which appellant was charged was perpetrated subsequent to the effective date of the statute. An information was filed approximately two months later. Under the above statute, the juvenile court could not have exercised jurisdiction over appellant on the felony murder charge. We hold there was no error in the manner in which appellant was charged in the instant case.

The trial court is in all things affirmed.

All Justices concur.