**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**J. MICHAEL SAUER**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHILLIP L. WHITE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 18A05-1201-PC-1 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause No. 18C05-0506-MR-2

**July 27, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Phillip L. White appeals the post-conviction court's denial of his petition for post-conviction relief. White raises a single issue for our review, namely, whether he received ineffective assistance from his appellate counsel when his appellate counsel did not raise as an issue on direct appeal whether White's conviction for felony murder was unconstitutional under Article I, Section 16 of the Indiana Constitution ("the Proportionality Clause"). We affirm.

**FACTS AND PROCEDURAL HISTORY**

The facts underlying White's convictions were stated by this court in his direct appeal:

> The following are the facts most favorable to the verdict. During the evening of July 31, 2004, White was driving a pickup truck in which Shon Starks ("Starks") and Lionel McElroy ("McElroy") were passengers. As they traveled on Hackley Street in Muncie, two men flagged down the truck. One of the men, later identified as Ryan Ylovchan ("Ylovchan"), approached the truck and indicated that he "wanted to buy a half." Ylovchan took out his wallet and held it at the windowsill of the driver's side of the truck.
>
> White made some movements as if he were breaking off a piece of crack cocaine. He then grabbed Ylovchan's wallet and began to drive away slowly. Ylovchan held onto the truck, but soon fell off. The truck "bounced" and Starks looked back to see Ylovchan lying in the street. Starks told White, "you hit that guy." White did not stop the truck.
>
> Bystanders who saw the truck tire run over Ylovchan summoned 9-1-1 assistance and Ylovchan was transported to Ball Memorial Hospital in Muncie. He had severe brain injuries and a skull fracture. Ylovchan underwent surgery, but never regained consciousness. On August 8, 2004, Ylovchan was taken off life support and died.
>
> On June 6, 2005, White was charged with Murder[, a felony,] and Robbery[, as a Class A felony]. He was brought to trial on April 28, 2006[,] and convicted as charged. On July 17, 2006, the trial court

2

sentenced White to fifty-five years imprisonment on the Murder conviction. . . .

White v. State, No. 18A02-0607-CR-604, at *1 (Ind. Ct. App. Aug. 2. 2007) (citations to the record omitted), trans. denied. We also noted that the trial court did not enter judgment of conviction on the jury's verdict for robbery, as a Class A felony, out of double jeopardy concerns. Id. at *1 n.2; see also Richardson v. State, 717 N.E.2d 32, 52 n.45 (Ind. 1999) ("the Indiana Double Jeopardy Clause would be violated under th[e] essential elements test when, for example, a defendant is convicted and sentenced for both robbery and felony murder based on the killing of the [victim] in the course of the robbery.").

On direct appeal, White's appellate counsel argued that White's confession was not admissible and that the State failed to present sufficient evidence to support the felony murder conviction. After addressing these arguments, we affirmed White's conviction.

On November 5, 2008, White filed his petition for post-conviction relief, which he later amended. The post-conviction court held an evidentiary hearing on August 16, 2011. On December 7th, the court denied White's petition. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

White appeals the post-conviction court's denial of his petition for post-conviction relief. As we have explained:

> [The petitioner] bore the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. See Ind. Post-Conviction Rule 1(5); Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-

3

appeal, and not all issues are available. Timberlake, 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Id. If an issue was known and available, but not raised on direct appeal, it is waived. Id. If it was raised on appeal, but decided adversely, it is res judicata. Id.

In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. Hall v. State, 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. Id. at 468-69. Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues [the petitioner] must convince this court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. See Timberlake, 753 N.E.2d at 597. We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. Id.

Lindsey v. State, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), trans. denied. Further: "[a] defendant in a post-conviction proceeding may allege a claim of fundamental error only when asserting either (1) deprivation of the Sixth Amendment right to effective assistance of counsel, or (2) an issue demonstrably unavailable to the petitioner at the time of his or her trial and direct appeal." Id. at 325 (quotations and alterations omitted); see also State v. Hernandez, 910 N.E.2d 213, 216 (Ind. 2009) (same).

On appeal, White asserts that he received ineffective assistance from his appellate counsel. A claim of ineffective assistance of counsel must satisfy two components. Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. Id. at 687-88. Second, the defendant must show prejudice: a reasonable probability (i.e., a probability sufficient to undermine confidence in the

4

outcome) that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694.

More specifically, White avers that his appellate counsel rendered ineffective assistance when he did not raise a particular issue on appeal. As our supreme court has explained:

> To show that counsel was ineffective for failing to raise an issue on appeal thus resulting in waiver for collateral review, the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential. To evaluate the performance prong when counsel waived issues upon appeal, we apply the following test: (1) whether the unraised issues are significant and obvious from the face of the record and (2) whether the unraised issues are "clearly stronger" than the raised issues. If the analysis under this test demonstrates deficient performance, then we examine whether, the issues which appellate counsel failed to raise[] would have been clearly more likely to result in reversal or an order for a new trial. Further, we must
>
>> consider the totality of an attorney's performance to determine whether the client received constitutionally adequate assistance and should be particularly sensitive to the need for separating the wheat from the chaff in appellate advocacy, and should not find deficient performance when counsel's choice of some issues over others was reasonable in light of the facts of the case and the precedent available to counsel when that choice was made.
>
> Ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel.

Reed v. State, 856 N.E.2d 1189, 1195-96 (Ind. 2006) (citations, omissions, alterations, and some quotations omitted). With those standards in mind, we turn to White's argument on appeal.

5

**Indiana's Proportionality Clause**

The Proportionality Clause of Indiana's Constitution mandates that "[a]ll penalties shall be proportioned to the nature of the offense." Ind. Const. Art. I, § 16. As we have stated:

> This court has observed that challenges to the constitutionality of a statute begin with a presumption in favor of the statute's constitutionality and will not be overcome absent a clear showing to the contrary. This standard arguably is more deferential where the challenge is based on the Proportionality Clause, as our supreme court has stated repeatedly that[,] because criminal sanctions are a legislative prerogative, separation-of-powers principles require a reviewing court to afford substantial deference to the sanction the legislature has chosen. Accordingly, we will not disturb the legislative determination of the appropriate penalty for criminal behavior except upon a showing of clear constitutional infirmity.

Mann v. State, 895 N.E.2d 119, 122 (Ind. Ct. App. 2008) (citations, quotations, and alterations omitted). That said, this court has held that the Proportionality Clause is violated "where offenses with identical elements were given different sentences." Poling v. State, 853 N.E.2d 1270, 1276-77 (Ind. Ct. App. 2006). However, where the statutory elements are not identical, there is no violation. See Mann, 895 N.E.2d at 123-24.

Here, White contends that the elements of his felony murder conviction were identical to the elements of involuntary manslaughter, as a Class C felony. To prove felony murder, the State was required to show that White killed another human being while committing or attempting to commit robbery. I.C. § 35-42-1-1(2). Robbery is a base-level Class C felony offense, but it can be a Class B or Class A felony in certain circumstances. I.C. § 35-42-5-1. Here, the State's charging information for the felony murder allegation tracked the statutory language for that offense, including the use of the word "robbery." Direct Appeal App. at 23. But the State's charging information for

6

Class A felony robbery specifically described the alleged robbery as the knowing taking of "a wallet from . . . Ryan Ylovchan, by using force, said act resulting in serious bodily injury to Ryan Ylovchan . . . ." Id. at 24.

Involuntary manslaughter, as relevant in this appeal, occurs when "[a] person . . . kills another human being while committing or attempting to commit: (1) a Class C or Class D felony that inherently poses a risk of serious bodily injury . . . ." I.C. § 35-42-1-4(c). White asserts that these elements of involuntary manslaughter are identical to the elements of felony murder because the charging language only uses the generic term "robbery," and robbery is a base-level Class C felony. Thus, White continues, his appellate counsel should have relied on Poling and sought to have White's fifty-five year sentence for felony murder reduced to an appropriate sentence for Class C felony involuntary manslaughter, which is between two and eight years. See I.C. § 35-50-2-6(a).

White misunderstands how a conviction for felony murder works. In Taylor v. State, 922 N.E.2d 710, 716 (Ind. Ct. App. 2010), trans. denied,[1] we explained that,

> to be convicted of felony murder, "it was necessary to instruct the jury on the definition of robbery, in that it was necessary for the jury to find that a robbery in fact had been perpetrated before it could come to the conclusion that a felony murder had been committed."

(Quoting Brownlow v. State, 484 N.E.2d 560, 562 (Ind. 1985)). Here, the State never alleged Class C felony robbery, the parties never argued Class C felony robbery, the jury was not instructed on Class C felony robbery, and the jury did not find White guilty of

---

[1] Our supreme court originally granted the State's petition for transfer of jurisdiction in Taylor, but, "[a]fter further review, including oral argument, a majority of the Court . . . determined that transfer of jurisdiction was improvidently granted." Taylor v. State, 936 N.E.2d 1241 (Ind. 2010). Accordingly, the court vacated its original order granting transfer and instead denied the transfer petition and "reinstated [the case] as Court of Appeals precedent." Id.

Class C felony robbery. The only robbery ever at issue was the Class A felony robbery alleged by the State as its second count and found by the jury. Indeed, the jury's verdict on the Class A felony robbery allegation was an essential predicate to the State's felony murder charge. See id. And it was the jury's verdict on the Class A felony robbery allegation on which that the trial court declined to enter judgment out of double jeopardy concerns. See Richardson, 717 N.E.2d at 52 n.45.

White's arguments in this appeal notwithstanding, his trial only involved robbery as a Class A felony. A Class A felony is not an element of involuntary manslaughter. See I.C. § 35-42-1-4(c). Had his appellate counsel raised this argument under the guise of Poling, this court would have soundly rejected it. On these facts, felony murder and involuntary manslaughter are different crimes with different statutory elements and, thus, the different sentences for these crimes presents no constitutional issue under the Proportionality Clause. Accordingly, White cannot demonstrate that this issue was either significant and obvious from the face of the record or "clearly stronger" than the issues his appellate counsel did raise. See Reed, 856 N.E.2d at 1195-96.

**Conclusion**

In sum, White cannot demonstrate that his appellate counsel's performance was deficient. Hence, he likewise cannot demonstrate that he received ineffective assistance from his appellate counsel. We affirm the post-conviction court's judgment denying White's petition for post-conviction relief.

Affirmed.

KIRSCH, J., and MAY, J., concur.