

**FILED**

Jul 07 2015, 9:15 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryan A. Cox,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 7, 2015

Court of Appeals Case No.
27A05-1412-CR-599

Appeal from the Grant Circuit Court.
The Honorable Mark Spitzer, Special
Judge.
Cause No. 27C01-1412-FB-22

**Baker, Judge.**

[1] Bryan Cox appeals from the sentence enhancement imposed as a result of his Habitual Offender[1] adjudication. Cox argues that the doctrine of amelioration applies and that the habitual offender statute that became effective on July 1, 2014 should have been applied at his sentencing. Finding no error, we affirm.

## Facts

[2] On April 30, 2014, the State charged Cox with two counts of Class B felony dealing in cocaine and with being an habitual offender. On October 14 and 15, 2014, a jury trial was held. The jury found Cox not guilty of one count of dealing in cocaine and guilty of one count of dealing in cocaine.[2] Cox then pleaded guilty to being an habitual offender.

[3] On November 21, 2014 the trial court held a sentencing hearing. At the hearing, all parties—including Cox—agreed that the habitual offender statute in effect at the time Cox committed the crime applied to his case. The trial court sentenced Cox to fifteen years on the dealing cocaine conviction, with five years suspended.[3] The trial court enhanced this sentence by ten years for the habitual offender adjudication. Cox now appeals.

---

[1] Indiana Code § 35-50-2-8 (2013). This statute has been revised since the time that Cox committed the crime for which he was convicted; we apply the version of the statute in effect at the time Cox committed his crime.

[2] Cox does not appeal his conviction for dealing in cocaine.

[3] Cox does not appeal his sentence for dealing in cocaine.

# Discussion and Decision

[4] Cox argues that the trial court erred in applying the version of the habitual offender statute that was in effect at the time he committed the offense in the instant case. He argues that, under the doctrine of amelioration, the trial court should have applied the amended habitual statute that became effective on July 1, 2014. Cox maintains that he was not eligible for habitual offender status under the amended statute and that we should vacate his habitual offender enhancement.

[5] At the outset, we note that Cox has waived his argument. He did not object when the trial court stated that it would sentence Cox under the old habitual offender statute. Rather, during the sentencing hearing, counsel for the defense agreed with the trial court that the habitual offender statute in force at the time Cox committed the offense was the correct statute to be applied. Tr. p. 170. It is well established that, in order to preserve a claim of error for appeal, a defendant must make a contemporaneous objection to the trial court. *Ware v. State*, 816 N.E.2d 1167, 1179 (Ind. Ct. App. 2004). Cox failed to make such an objection, and has therefore waived his argument.

[6] Waiver notwithstanding, we will address Cox's amelioration argument on its merits. "The doctrine of amelioration allows a defendant, who is sentenced after the effective date of a statute that provides for more lenient sentencing, to take advantage of the more lenient statute rather than be sentenced under the more harsh statute that was in effect when the defendant was charged or

convicted." *Hellums v. State*, 758 N.E.2d 1027, 1028-29 (Ind. Ct. App. 2001) (citing *Richards v. State*, 681 N.E.2d 208, 213 (Ind. 1997)). The doctrine is appropriately applied only if the legislature intended that the statute as amended apply to all persons for whom such application would be possible and constitutional. *Id.* at 1029.

[7] Cox argues that, as he was sentenced after the date that the amended habitual offender statute became effective, he should be allowed to take advantage of the more lenient amended habitual offender statute. Cox is correct that—as applied to him—the amended statute is more lenient. The habitual offender statute in force when Cox committed his crime provides that "[t]he court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense." Ind. Code § 35-50-2-8(h) (2013). Cox was convicted of Class B felony dealing in cocaine, a conviction that carries with it an advisory sentence of ten years. I.C. § 35-50-2-5 (2013). Therefore, the trial court was required to sentence Cox to an enhancement of at least ten years. Under the amended statute, the trial court may impose as little as six years. I.C. § 35-50-2-8 (2014). Cox also points out that the amended statute provides:

> (c) A person convicted of a Level 5 felony is a habitual offender if the state proves beyond a reasonable doubt that:
>> (1) the person has been convicted of two (2) prior unrelated felonies;

> (2) at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony

*Id.* As his prior unrelated felonies are Class D felonies, Cox argues that we should find that he would not have been eligible for habitual status under the amended statute and vacate his sentence. Appellant's App. p. 12.

[8] However, while Cox has shown that he was sentenced after the date of the amended statute and that the amended statute is more lenient, he cannot show that the legislature intended the doctrine to apply. In fact, the legislature has clearly shown that it did not intend the doctrine of amelioration to apply. The amendment to the habitual offender statute was a part of Public Law 158-2013, and pursuant to Indiana Code section 1-1-5.5-21:

> Sec. 21. (a) A SECTION of P.L.158-2013 or P.L.168-2014 does not affect:
>> (1) penalties incurred;
>> (2) crimes committed; or
>> (3) proceedings begun;
>
> before the effective date of that SECTION of P.L.158-2013 or P.L.168-2014. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if that SECTION of P.L.158-2013 or P.L.168-2014 had not been enacted.
>
> (b) The general assembly does not intend the doctrine of amelioration (see *Vicory v. State*, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L.158-2013 or P.L.168-2014.

[9] In the instant case, Cox's crime was committed before, and all proceedings began before, the effective date of the amended habitual offender statute. In

addition, it is clear that the legislature did not intend the doctrine of amelioration to apply. Therefore, Cox's argument fails.[4]

[10] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.

---

[4] Cox also asks that, if we do not find that the doctrine of amelioration applies, we find that Cox's sentence was inappropriate in light of the nature of the offense and his character pursuant to Indiana Appellate Rule 7(B). We decline to do so. Here, the trial court imposed the minimum sentence as required by the habitual offender statute in effect at the time Cox committed his offense, and we do not find the sentence to be inappropriate.