## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2018, 9:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Donald E. Ware
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald E. Ware,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 26, 2018

Court of Appeals Case No.
49A02-1710-PC-2499

Appeal from the
Marion Superior Court

The Honorable
Marc T. Rothenberg, Judge
The Honorable
Amy J. Barbar, Magistrate

Trial Court Cause No.
49G02-0508-PC-130877

**Kirsch, Judge.**

Donald E. Ware ("Ware") appeals the denial of his successive petition for post-conviction relief and raises the following restated issue for our review: whether the post-conviction court erred when it summarily denied his successive petition for post-conviction relief without a hearing, finding that Ware had previously been afforded opportunities to litigate the issues he raised in his successive petition for post-conviction relief and did not raise any new issues of material of fact in his successive petition for post-conviction relief.

We affirm.

## Facts and Procedural History

The facts supporting Ware's convictions as set forth by this court in his direct appeal are as follows:

> On July 24, 2005, a group of teenage boys gathered in an area near the intersection of Rockville Road and Girls School Road in Marion County for the purpose of throwing eggs at passing cars. At one point, the boys struck Lisa Baker's car. Baker stopped and began yelling that she was going to call the police. The boys then struck a pickup truck, which was later determined to be driven by Ware. Ware stopped, exited his truck, and yelled at the boys. He then returned to his truck and drove to where Baker had stopped her car. While talking to Baker, Ware made racially derogatory comments about the boys and told Baker that he had a rifle and was going to get the boys. Ware asked Baker where the boys were, and after Baker pointed in the general direction, Ware drove after the boys. While the boys were running from Ware's truck, two shots were fired, killing Brandon Dunson ("Dunson") and wounding Michael Dyer ("Dyer").

Tracy Nash was the first police officer to arrive on the scene. Officer Nash was unaware that there had been a shooting, and was on the scene to investigate reports of boys throwing eggs at passing vehicles. He noticed Ware's truck because it was traveling at a high rate of speed and saw it pull into a public storage facility's parking lot. When Officer Nash pulled in behind the truck, Ware exited his truck and approached the driver's side of Officer Nash's vehicle. Ware told Officer Nash that he had been struck in the head by an egg, and told Officer Nash that the boys who had thrown the eggs were running behind the public storage facility. Officer Nash told Ware not to leave, and went to look for the boys. When Officer Nash returned to the parking lot after an unsuccessful search for the boys, Ware had left the scene.

Dunson's friends who were running with him were afraid of being caught and did not stop when Dunson was shot. Later that night, one of Dunson's friends who had not participated in the egging became concerned about Dunson and went to look for him. He found Dunson's body in the grass near the public storage facility and called the police. After learning that a shooting had occurred, the police turned their attention to identifying the man with whom Baker and Officer Nash spoke. Baker was shown a photographic array and initially identified, with ninety percent confidence, Chester Williams as the man with whom she spoke. After being shown a second photographic array, Baker identified Williams with one hundred percent confidence. However, further investigation ruled out Williams as a suspect. A few days later, the police received an anonymous phone call indicating that a man named "Donny" was responsible for shooting Dunson, and that he lived in Avon, Indiana, and drove a red pickup truck. Police then began surveillance of Ware's house and determined that Ware was "Donny." Officers then showed a photographic array to Officer Nash, who identified Ware as the man with whom he spoke the

night of the shooting. The police then applied for a warrant to search Ware's house and vehicle.

. . . .

After receiving the search warrant, officers found eggshells and residue in and on Ware's truck, and found roughly forty-nine grams of marijuana in Ware's residence. No gun was recovered during this search or throughout the remainder of the investigation. Officers took [Terri] Eberwein, who was at the residence at the time of the search, to the police station for questioning. Eberwein told officers that upon returning home the night of the shooting, Ware had told her he had been egged and had "said something about, you know shooting but he didn't say at what or anything," and that he said "he fired some rounds or some shots." *State's Ex.* 113. The next day, officers arrested Ware without a warrant and took him in for questioning. Ware admitted being on the scene that night and speaking to Baker and Officer Nash, but denied shooting at the boys or having a gun.

Prior to trial, Ware filed a motion to suppress the evidence obtained as a result of the search and arrest, arguing that probable cause supported neither. After a hearing, the trial court denied Ware's motion. At trial, the boys who had participated in the egging testified. All the boys testified that they saw a red or dark-colored pickup truck chasing them. Three of the boys testified that at some point while they were leaving the scene they saw a truck driving around in the area with someone standing in the truck's bed. The jury also heard the testimony of Officer Nash and Baker, who both identified Ware as the person with whom they spoke that night. Eberwein also testified, and admitted telling officers that Ware had mentioned shooting a gun the night of the incident, but said that when she gave her statement to police, she had been intimidated, was under the influence of prescription and illegal drugs, and had falsified some

information in her statement. The jury found Ware guilty of murder, battery, and two counts of criminal recklessness.

Ware filed a motion for the trial court to enter alternative final judgment and a motion for a new trial. The trial court denied both motions at the beginning of the sentencing hearing. The trial court sentenced Ware to sixty years for murder, six years for battery, and two years for each of the criminal recklessness counts. The trial court then ordered that all sentences be served consecutively based on the number of victims, for an aggregate sentence of seventy years.

*Ware v. State*, 859 N.E.2d 708, 713-15 (Ind. Ct. App. 2007), *trans. denied*. Ware filed a direct appeal and raised issues regarding the issuance of the search warrant, sufficiency of the evidence, admission of evidence, and the appropriateness of his sentence. *Id*. at 713. His convictions and sentence were affirmed, and Ware sought transfer, which was denied. *Id*. at 726.

[4] On June 29, 2007, Ware filed a petition for post-conviction relief in which he argued that trial counsel was ineffective for failing to inform him "of any plea offers, negotiations, etc." *Appellant's App. Vol. II* at 60, 62. Ware subsequently withdrew the petition, and the post-conviction court ordered it dismissed without prejudice. *Id*. at 10, 142. On January 11, 2011, Ware filed a second petition for post-conviction relief. *Id*. at 70. In support of his request for subpoenas concerning this petition, Ware claimed that the witnesses he wished to subpoena would testify that his trial counsel failed to convey a plea offer. *Id*. at 142. Ware again moved to withdraw his petition, and the post-conviction

court dismissed it without prejudice. *Id.* at 12. On April 10, 2012, Ware filed a third petition for post-conviction relief. *Id.* at 12-13, 143. In this third petition, Ware alleged that he received ineffective assistance of both his trial and appellate attorneys, but abandoned his argument that his trial counsel was ineffective for failing to convey a plea offer to him. *Id.* at 99-105. A hearing was held on the petition, and the post-conviction court later denied Ware's petition for relief. *Id.* at 112. The denial of post-conviction relief was affirmed by this court, and the Indiana Supreme Court denied transfer. *Ware v. State*, No. 49A02-1304-PC-370 (Ind. Ct. App. Jan. 21, 2014).

[5] On September 2, 2016, this court granted Ware permission to file a successive petition for post-conviction relief. In his successive petition, Ware again alleged his previously-asserted argument that his trial counsel failed to convey to him a plea offer from the State. *Id.* at 127-32. The State filed a motion for summary disposition of Ware's successive petition for post-conviction relief, and the post-conviction court summarily disposed of his successive petition pursuant to Indiana Post-Conviction Rule 4(g) because the issue of the alleged plea offer was known and available and, in fact, was raised in Ware's prior post-conviction petitions. *Id.* at 140-44. Ware now appeals.

## Discussion and Decision

[6] Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal.

*Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied*, 534 U.S. 1164 (2002); *Wieland v. State*, 848 N.E.2d 679, 681 (Ind. Ct. App. 2006), *trans. denied*, *cert. denied*, 549 U.S. 1038 (2006). The proceedings do not substitute for a direct appeal and provide only a narrow remedy for subsequent collateral challenges to convictions. *Ben-Yisrayl*, 738 N.E.2d at 258. The petitioner for post-conviction relief bears the burden of proving the grounds by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

[7] When a petitioner appeals a denial of post-conviction relief, he appeals a negative judgment. *Fisher v. State*, 878 N.E.2d 457, 463 (Ind. Ct. App. 2007), *trans. denied*. The petitioner must establish that the evidence as a whole unmistakably and unerringly leads to a conclusion contrary to that of the post-conviction court. *Id*. We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans. denied*. If an issue was known and available, but not raised on direct appeal, it is waived, and if it was raised on appeal, but decided adversely, it is res judicata. *White v. State*, 971 N.E.2d 203, 206 (Ind. Ct. App. 2012) (citing *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002)), *trans. denied*. We accept the post-conviction court's findings of fact unless they are clearly erroneous, and no deference is given to its conclusions of law. *Fisher*, 878 N.E.2d at 463.

[8]     Here, in his first petition for post-conviction relief, Ware argued that his trial counsel was ineffective for failing to convey to him an alleged plea offer from the State. *Appellant's App. Vol. II* at 60-62. During the proceedings regarding his second post-conviction relief petition, Ware also indicated to the post-conviction court that he possessed knowledge of the alleged issue when he requested subpoenas. *Id.* at 70. Therefore, contrary to Ware's contention, his claim of ineffective assistance of trial counsel due to failure to convey a plea offer, which he raises in his successive petition for post-conviction relief, was known, and available, in his initial post-conviction proceedings. Additionally, in his third petition for post-conviction relief, Ware raised issues of ineffective assistance of trial counsel, but did not include the failure to convey a plea offer as one of the grounds of ineffectiveness. *Id.* at 99-105.

[9]     "Proper successive petitions contain claims that by their nature could not have been raised in earlier proceedings." *Matheny v. State*, 834 N.E.2d 658, 662 (Ind. 2005). Claims that could have been, but were not, raised in earlier proceedings and otherwise were not properly preserved are procedurally defaulted." *Id.* The fact that Ware abandoned the claim before proceeding to a decision on the merits in his first two petitions does not allow him to escape waiver, especially in light of the fact that he failed to raise the present claim in his third petition, which was decided on the merits concerning ineffective assistance grounds. Based on the record, Ware had known of his alleged plea offer claim since his first petition for post-conviction relief was filed in 2007. His failure to litigate

this claim when given the opportunity precludes him from raising the claim in a successive petition.

[10] Under Indiana Post-Conviction Rule 1 section 4(g), the post-conviction court "may grant a motion by either party for summary disposition of the petition when it appears . . . that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Here, Ware had numerous opportunities to present his claim of ineffective assistance of counsel for failure to convey a plea offer to him, and he has not shown that there is any genuine issue of material fact regarding his petition. Therefore, the post-conviction court properly denied relief and summarily disposed of Ware's petition pursuant to Indiana Post-Conviction Rule 1(4)(g).

[11] Affirmed.

Baker, J., and Bradford, J., concur.