## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2019, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Lennard Coleman, Sr.
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lennard Coleman, Sr., *Appellant-Defendant,* | December 10, 2019 |
| v. | Court of Appeals Case No. 19A-CR-859 |
| | Appeal from the Tippecanoe Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Steven P. Meyer, Judge |
| | Trial Court Cause No. 79D02-0503-FB-18 |

**Bailey, Judge.**

# Case Summary

Lennard Coleman, Sr. ("Coleman") appeals the trial court's denial of his motion to correct erroneous sentence. He presents the issue of whether the trial court abused its discretion by denying the motion.[1] We affirm.

# Facts and Procedural History

In 2005, Coleman was convicted of Robbery while armed with a Deadly Weapon, a Class B felony,[2] and found to be a habitual offender.[3] He was sentenced to twenty years imprisonment, enhanced by thirty years due to his status as a habitual offender. Coleman appealed, challenging his pretrial identification as improper and arguing that his sentence was inappropriate. His conviction and sentence were affirmed.

On April 26, 2011, Coleman filed a petition for post-conviction relief, which was later amended and denied. He filed a subsequent petition for post-conviction relief, which was dismissed with prejudice. His petition for permission to file a successive petition for post-conviction relief was denied.

---

[1] Coleman also articulates an issue as to whether the sentencing order and Abstract of Judgment are inconsistent because one document omits some offenses that the other includes. The State responds that any inconsistency results from bifurcated proceedings whereby Coleman was convicted of robbery and, one year later, pled guilty to additional offenses (including Criminal Confinement and Theft) under the same cause number. Nonetheless, Coleman did not raise this issue in the trial court, and it is thus waived for appellate review. *Marshall v. State*, 621 N.E.2d 308, 314 (Ind. 1993).

[2] Ind. Code § 35-42-5-1. The offense is now a Level 3 felony.

[3] I.C. § 35-50-2-8.

[4] On April 22, 2015, Coleman filed a motion to correct erroneous sentence, challenging the sentencing court's identification of aggravating and mitigating circumstances. The motion was denied on May 18, 2015. Coleman appealed, and a panel of this Court affirmed the denial. *Coleman v. State*, No. 79A05-1506-CR-635, slip op. at 1 (November 10, 2015).

[5] On February 21, 2019, Coleman filed a second motion to correct erroneous sentence, challenging the habitual offender enhancement. (App. at 14.) On March 21, 2019, the trial court denied the motion:

> Defendant's Motion to Correct Erroneous Sentence is DENIED for the reason that any error he now seeks to raise has been waived since [it was] not raised previously by his prior appeals and post-conviction matters. Furthermore, Defendant's Motion relies upon a version of the Habitual Offender Statute that was not in effect at the time of his sentence in 2006.

Appealed Order at 1. Coleman now appeals.

# Discussion and Decision

[6] We review the denial of a motion to correct erroneous sentence for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* However, the trial court's legal conclusions are reviewed under a de novo standard. *Id.*

[7]     An inmate who believes that he or she has been erroneously sentenced may file a motion to correct an erroneous sentence. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). Indiana Code Section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[8]     Motions made pursuant to Indiana Code Section 35-38-1-15 may only be used to attack a sentence that is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). Alleged sentencing errors that require consideration of matters outside the face of the sentencing judgment can only be attacked by direct appeal or, when appropriate, petitions for post-conviction relief. *Id.* at 787. "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.*

[9]     Coleman argues that, under Indiana Code Section 35-50-2-8, he could not be adjudicated a habitual offender because one or more of his prior felony convictions was more than ten years old. The State argues that the motion to correct erroneous sentence is not a facial attack on the sentencing order and, thus, is not permissible under *Robinson*. We agree.

[10] Coleman's sentence is not facially erroneous. He was sentenced to twenty years for his Class B felony robbery conviction and the sentence was enhanced by thirty years due to his habitual offender status. At the time Coleman was sentenced, the maximum term for a Class B felony was twenty years, with an advisory sentence of ten years. I.C. § 35-50-2-5(a).[4] Under the habitual offender statute, Coleman's sentence was subject to an enhancement of up to thirty years. I.C. § 35-50-2-8.[5] Coleman has not shown that his fifty-year sentence is outside the statutory parameters. He argues that the State relied upon one or more stale predicate felonies.[6] But resolution of this argument would require examination of matters outside the face of the sentencing order, in particular, the propriety of the prior felonies used to support the habitual offender adjudication. His argument is not properly before the court through a motion to correct erroneous sentence.

---

[4] Coleman received the maximum sentence under Indiana Code Section 35-50-2-5(a), which provided: "A person who commits a Class B felony (for a crime committed before July 1, 2014) shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years.").

[5] "The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." I.C. § 35-50-2-8 (2006).

[6] Coleman sought retroactive application of a change to the habitual offender sentencing statute. Effective in 2013, several years after Coleman's conviction and sentencing, Indiana Code Section 35-50-2-8 was amended to include a ten-year limitation for some predicate offenses. The time period for that limitation is calculated with reference to release from imprisonment, probation, or parole, whichever is latest. In *Cox v. State*, 38 N.E.3d 702, 704 (Ind. Ct. App. 2015), a panel of this Court held that the version of the habitual offender statute in effect at the time of the offense is the applicable version.

# Conclusion

The trial court properly denied Coleman's motion to correct erroneous sentence.

Affirmed.

Kirsch, J., and Mathias, J., concur.