## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 12 2020, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Michael T. Hackworth
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael T. Hackworth,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

November 12, 2020

Court of Appeals Case No.
19A-PC-3090

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1704-PC-10

**Bailey, Judge.**

# Case Summary

[1] Michael Hackworth ("Hackworth") appeals, pro se, the post-conviction court's denial of his successive petition for post-conviction relief.

[2] We affirm.

# Issues

[3] Hackworth raises three issues on appeal; however, we address only the following two dispositive issues:

    I.      whether Hackworth has waived his arguments on appeal; and

    II.    whether the trial court had statutory authority to impose upon Hackworth the habitual offender enhancement.

# Facts and Procedural History

[4] On August 16, 2010, the State charged Hackworth with multiple drug-related offenses that occurred in the summer of 2010 and also sought a habitual offender enhancement. The information alleging Hackworth is a habitual offender alleged he had prior felony convictions in both Illinois and Indiana. Specifically, the information alleged Hackworth was convicted of: felony possession of heroin with intent to deliver in Cook County, Illinois on October 16, 2003; felony robbery in Tippecanoe County, Indiana on May 18, 2004; felony retail theft in Cook County, Illinois on September 2, 1999; two counts of

felony armed robbery in Cook County, Illinois on June 2, 1988; and felony violation of bail bond in Cook County, Illinois on June 2, 1988.

[5] Following an April 2011 trial, a jury found Hackworth guilty of three counts of dealing cocaine, as Class A felonies;[1] one count of dealing cocaine, as a Class B felony;[2] and one count of resisting law enforcement, as a Class A misdemeanor.[3] Hackworth waived his right to a jury trial on the habitual offender allegation, and the trial court found Hackworth to be a habitual offender. On May 18, 2011, the trial court sentenced Hackworth to three years imprisonment for Count I, twenty years for Count III, thirty-five years for Count V, thirty-five years for Count VII, and one year for Count IX, with sentences to run concurrently. The trial court also enhanced Hackworth's sentence by thirty years for being a habitual offender, for a total of sixty-five years imprisonment with ten years suspended. Hackworth appealed, and this Court affirmed both his convictions and his sentence. *Hackworth v. State*, No. 79A02-1106-CR-526, 2012 WL 456531 (Ind. Ct. App. Feb. 14, 2012), *trans. denied*.

[6] On April 24, 2017, Hackworth filed a successive[4] petition for post-conviction relief ("PCR") in which he claimed that his trial, appellate, and PCR counsel

---

[1] Ind. Code § 35-48-4-1(a), (b) (2010).

[2] I.C. § 35-48-4-1(a) (2010).

[3] I.C. § 35-44-3-3 (2010) (now I.C. § 35-44.1-3-1).

[4] Hackworth had filed one previous petition for post-conviction relief on other grounds.

were ineffective for failing to attack the habitual offender enhancement on the grounds that it was improperly based on the statute in effect in 2010 instead of the more lenient amended statute enacted in 2013. On May 23, 2019, Hackworth filed an amended successive petition for PCR in which he alleged the trial court lacked statutory authority to sentence him as a habitual offender under the statute in effect in 2010.

On November 22, 2019, the post-conviction court held a hearing on Hackworth's petition. At the conclusion of the hearing, the court denied the petition, stating in relevant part: "The Court finds that the cases cited by the Petitioner, *Calvin v. State*, 87 N.E.3d 474, and *Lacey v. State*, 124 N.E.3d 1253, are not controlling [because] those … cases interpreted statutes from 2014 going forward, which required proof of prior felony offenses at a specific level, unlike the 2010 version of the habitual offender statute." Tr. at 41. In its December 2, 2019, written order, the post-conviction court treated Hackworth's habitual offender claims as claims of ineffective assistance of counsel and concluded:

> Hackworth's appellate and post-conviction counsel were not deficient in failing to argue his habitual enhancement was invalid under *Calvin* since the *Calvin* decision is not applicable to Hackworth's habitual [offender] enhancement under the law as it existed in 2010. Hackworth was not prejudiced by failure of counsel to raise this issue because he would not have prevailed at the appellate or the post-conviction proceedings.

App. at 6. This appeal ensued.

# Discussion and Decision

## Standard of Review

[8] Hackworth appeals the denial of his successive petition for PCR on the grounds that "the trial court was without any statutory authority to impose the habitual offender enhancement." Appellant's Br. at 5.

> The defendant bears the burden of establishing his claims by a preponderance of the evidence. [Ind. Post-Conviction Rule] 1(5). When, as here, the defendant appeals from a negative judgment denying post-conviction relief, he "must establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision." *Ben-Yisrayl v. State*, 738 N.E.2d 23053, 258 (Ind. 2000). When a defendant fails to meet this "rigorous standard of review," we will affirm the post-conviction court's denial of relief. *DeWitt v. State*, 755 N.E.2d 167, 169–70 (Ind. 2001).

*Gibson v. State*, 133 N.E.3d 673, 681 (Ind. 2019). We review questions of law de novo. *E.g.*, *Grundy v. State*, 38 N.E.3d 675, 684 (Ind. Ct. App. 2015), *trans. denied*.

## Waiver

[9] The State contends that Hackworth may not challenge his habitual offender enhancement because that claim was available to him, but not raised, in his direct appeal.

> Post-conviction proceedings are civil proceedings in which a defendant may present limited collateral challenges to a conviction and sentence. Ind. Post-Conviction Rule 1(1)(b);

> *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013). The scope of potential relief is limited to issues unknown at trial or unavailable on direct appeal. *Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012). "Issues available on direct appeal but not raised are waived, while issues litigated adversely to the defendant are *res judicata*." *Id*.

*Gibson*, 133 N.E.3d at 681. A post-conviction petitioner may overcome a procedural bar to a claim, on the ground of fundamental error, only by asserting either: (1) deprivation of the Sixth Amendment right to effective assistance of counsel, or (2) an issue demonstrably unavailable to the petitioner at the time of his or her trial and direct appeal. *White v. State*, 971 N.E.2d 203, 207 (Ind. Ct. App. 2012), *trans. denied*.

[10] Here, although Hackworth claimed in the post-conviction court that his lawyers were ineffective for failing to challenge the application of the habitual offender statute in effect in 2010, he has not brought any such ineffective assistance of counsel claim on appeal; rather, he directly challenges the application of the habitual offender statute to him. By failing to raise his ineffective assistance of counsel claims on appeal, he has waived those claims. *See White*, 971 N.E.2d at 207; *see also* Ind. Appellate Rule 46(A)(8). However, the issue of the applicability of the 2013 amendment to the habitual offender enhancement statute was not known to Hackworth at trial or available to him on direct appeal as it had not yet been enacted; therefore, he did not waive that claim by failing to raise it at those times. *See Gibson*, 133 N.E.3d at 681. Thus,

Hackworth's claim regarding the alleged retroactive effect of the 2013 amendment to the habitual offender statute is properly before us.

## Applicability of Habitual Offender Enhancement Statute

[11]   A defendant is not entitled to postconviction relief from a habitual offender determination unless he can show that the sequence of offenses is other than that required for the determination. *Gumm v. State*, 655 N.E.2d 610 (Ind. Ct. App. 1995). The applicable habitual offender enhancement statute is the one in effect at the time the crimes were committed. *See, e.g.*, *Harris v. State*, 897 N.E.2d 927, 928-29 (Ind. 2008) (citations omitted) ("The sentencing statute in effect at the time a crime is committed governs the sentence for that crime."); *Grundy*, 38 N.E.3d at 684 (holding the habitual offender statute in effect at the time defendant committed the underlying crime resulting in conviction applied to the defendant's sentence, as opposed to the statute in effect when defendant was adjudicated a habitual offender). And the doctrine of amelioration[5] does not apply to the 2013 amendment to the habitual offender enhancement statute. I.C. § 1-1-5.5-21(b) ("The general assembly does not intend the doctrine of amelioration … to apply to any SECTION of P.L.158-2013 or HEA 1006-2014

---

[5]  "The doctrine of amelioration is an exception to the general rule that the sentence in effect at the time a crime is committed is the proper penalty…. The doctrine entitles defendants who are *sentenced after the effective date* of a statute providing for a more lenient sentence to be sentenced pursuant to that statute, as opposed to the statute in effect at the time the crime was committed." *Cottingham v. State*, 971 N.E.2d 82, 85 (Ind. 2012) (emphasis added) (citations omitted). Thus, even if Hackworth was correct that the doctrine of amelioration applied to the 2013 amendment of the habitual offender statute (which it does not), the doctrine still would not help him as he was sentenced in 2011, well before the amendment. Obviously, a sentencing court cannot apply a habitual offender statute that was not even enacted yet.

[codified as P.L.168-2014].”); *see also Cox v. State*, 38 N.E.3d 702, 704 (Ind. Ct. App. 2015) (citing I.C. § 1-1-5.5-21) (noting that the legislature “has clearly shown that it did not intend for the doctrine [of amelioration] to apply” to the 2013 amendment to the habitual offender enhancement statute ).

[12] Hackworth committed the underlying crimes in 2010 and was adjudicated a habitual offender and sentenced accordingly in 2011. The habitual offender enhancement statute in effect at the time he committed the underlying crimes was Indiana Code Section 35-50-2-8(g) (2010), which provided in relevant part as follows: “A person is a habitual offender if the jury … or the court … finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions.” Thus, the law in effect at the time Hackworth committed his crimes did not require a showing that the defendant had been convicted of any specific *level* of felony or that the prior crimes were no more than ten years old,[6] as the 2013 amendment did. Rather, the law in effect until July 1, 2014, only required a showing that the defendant had been convicted of two unrelated[7] felonies. *Id.* Here, it is undisputed that Hackworth was convicted of and sentenced for at least two unrelated felonies prior to the commission of his 2010 crimes. Therefore, the

---

[6] Thus, Hackworth’s extensive arguments regarding the levels and dates of his prior felonies are irrelevant.

[7] “To be ‘unrelated,’ the commission of the second felony must be subsequent to the sentencing for the first, and the sentencing for the second felony must have preceded the commission of the current felony for which the enhanced sentence is being sought.” *Warren v. State*, 769 N.E.2d 170, 171 n.2 (Ind. 2002).

trial court did not err when it imposed the habitual offender enhancement upon Hackworth pursuant to the law in effect in 2010.[8]

# Conclusion

Although Hackworth waived his ineffective assistance of legal counsel claims by failing to raise them in this appeal, *White*, 971 N.E.2d 207, he did not waive his claim regarding the alleged retroactive applicability of the 2013 amendment to the habitual offender enhancement statute because that claim was not known and available to him at trial and/or on appeal, *Gibson*, 133 N.E.3d at 681. However, the post-conviction court did not err in denying the latter claim because the trial court correctly applied the habitual offender enhancement statute that was in effect at the time Hackworth committed his crimes, i.e., 2010, and the 2013 statutory amendment did not apply retroactively.

Affirmed.

Vaidik, J., and Weissmann, J., concur.

---

[8] Hackworth's other two claims on appeal—i.e., that the post-conviction judge was biased against him and the prosecutor committed misconduct—are predicated on his habitual offender enhancement claim. That is, his only alleged evidence of judicial bias and prosecutorial misconduct is that the judge ruled against him and the prosecutor argued against him on the merits of his claim that the habitual offender enhancement statute in effect in 2010 did not apply to him. Since both the post-conviction judge and the prosecutor correctly found and argued, respectively, that the 2010 statute—rather than the 2013 amendment to that statute—applied to Hackworth, we do not find it necessary to address his other two appellate claims further.