## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 13 2020, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

William R. Neeb
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William R. Neeb,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

October 13, 2020

Court of Appeals Case No.
20A-PC-795

Appeal from the
Hamilton Superior Court

The Honorable
Michael A. Casati, Judge

Trial Court Cause No.
29D01-1603-PC-1664

**Kirsch, Judge.**

[1]     William R. Neeb ("Neeb") appeals the denial of his petition for post-conviction relief, contending that the post-conviction court erred. On appeal, he raises the

following restated issue for our review:  whether Neeb received ineffective assistance of his trial counsel.

We affirm.

## Facts and Procedural History

The facts supporting Neeb's convictions as set forth by this court in his direct appeal are as follows:

> On July 23, 2014, Detective Elizabeth Hubbs [("Detective Hubbs")] of the Hamilton County Boone County Drug Task Force was investigating Neeb while working as an undercover officer.  Detective Hubbs and Alesia [Gehlbach ("Gehlbach")], a confidential informant who had arranged a meeting with Neeb, traveled to Neeb's trailer located in Noblesville.  Detective Hubbs possessed a covert video camera, a digital recorder, and a microphone.
>
> After Neeb and Detective Hubbs disagreed about the location of the deal, the trio agreed to meet at a nearby Speedway gas station.  Detective Hubbs and Neeb began discussing the price for 3.5 grams of methamphetamine.  Neeb stated the price was $325.00 and confirmed Detective Hubbs was receiving a "first time buyer's discount[.]"  *Tr.* at 289.  [Gehlbach] mentioned if they were satisfied with the methamphetamine then they would want more.  Neeb indicated he could get more and that he was almost "always on[,]" signifying the pair could contact him at any time for more methamphetamine.  *Id.* at 287.  Ultimately, Detective Hubbs paid Neeb and took possession of the methamphetamine.
>
> Four days later, Detective Hubbs texted Neeb to arrange another methamphetamine purchase.  Neeb responded and stated he

could obtain a quarter ounce of methamphetamine. On August 4, Detective Hubbs met Neeb at a Dollar General store in Noblesville. In exchange for $575.00, Neeb gave Detective Hubbs 6.6 grams of methamphetamine. Two days later, Neeb texted Detective Hubbs inquiring as to how the most recent batch of methamphetamine worked for her. They then arranged a third meeting. On August 14, the two met at the same Dollar General store. In exchange for $1,100.00, Neeb gave Detective Hubbs 12.81 grams of methamphetamine. Neeb was arrested several days later.

The State charged Neeb with Count I, Level 4 felony dealing in methamphetamine, and Count II, Level 6 felony possession of methamphetamine for the July 23 transaction; Count III, Level 3 felony dealing in methamphetamine, and Count IV, Level 5 felony possession of methamphetamine for the August 4 transaction; and Count V, Level 2 felony dealing in methamphetamine, and Count VI, Level 4 felony possession of methamphetamine for the August 14 transaction.

. . . .

At trial, the jury found Neeb guilty on all counts, and the trial court entered a judgment of conviction on Counts I, III, and V. The trial court sentenced Neeb to thirty years in the Department of Correction. This appeal ensued.

*Neeb v. State*, No. 29A02-1503-CR-145, 2015 WL 5944451 at *1-*2 (Ind. Ct. App. Oct. 3, 2015), *trans. denied*.

[4] Neeb filed a direct appeal and was represented by counsel. On appeal, he challenged his convictions and his sentence, alleging that the State presented insufficient evidence to overcome his entrapment defense, and that his sentence

was inappropriate in light of the nature of his offenses and character. *Id*. at \*1. A panel of this court issued an unpublished memorandum decision in which it affirmed the trial court on both issues. *Id*. at \*5. The panel held that the State had presented sufficient evidence to overcome his defense of entrapment and that the evidence to prove his predisposition to commit the crime of dealing in methamphetamine was sufficient: specifically, he sold methamphetamine to Detective Hubbs on three occasions; he was well-versed in drug jargon; he possessed the capability of obtaining more methamphetamine; he had knowledge of pricing; he agreed to a first-time buyer's discount; he referenced the quality of methamphetamine; he claimed to usually deliver the methamphetamine; he dealt in increasing amounts of methamphetamine; and he initiated contact with Detective Hubbs prior to the third transaction. *Id*. at \*3. This court also affirmed Neeb's sentence, finding it was not inappropriate. *Id*. at \*4-\*5. Neeb sought transfer to the Indiana Supreme Court, which was denied.

[5] On March 4, 2016, Neeb filed his verified petition for post-conviction relief. *Appellant's App. Vol. 2* at 15-20. The State filed its answer on April 6, 2016. *Id*. at 23-24.[1] Neeb amended his petition on September 24, 2019, and alleged that he received ineffective assistance of his trial counsel because trial counsel did

---

[1] The post-conviction court initially granted the State's summary disposition of Neeb's petition, which led to an appeal under Case Number 18A-PC-2058. On appeal, in an unpublished memorandum decision, a panel of this court found that the entry of summary disposition was improper and remanded the case for further proceedings on the petition. *See Neeb v. State*, No. 18A-PC-2058, 2019 WL 2275104 (Ind. Ct. App. May 29, 2019).

not conduct a proper investigation of the confidential informant, Gehlbach, prior to trial by interviewing or deposing her and because trial counsel did not call Gehlbach to testify on Neeb's behalf at trial to show his lack of predisposition to commit the dealing offenses. *Id.* at 25-30.

[6] On November 21, 2019, an evidentiary hearing was held on Neeb's petition. *Tr. Vol.* 2 at 4-28. At the hearing, Gehlbach testified that she had known Neeb for years prior to the offenses for which Neeb was convicted and that the two bought and used crack cocaine frequently together during that time. *Id.* at 8-9. Gehlbach confirmed that she was involved in only the first transaction between Neeb and Detective Hubbs. *Id.* at 16-17. She also testified that Neeb gave her methamphetamine on one occasion prior to her introducing him to Detective Hubbs. *Id.* at 8, 12, 15-16.

[7] Neeb's trial counsel, Daniel Henke ("Henke"), testified at the hearing that he had been an attorney practicing in criminal law for over thirty-five years. *Id.* at 21. Henke testified that he had considered calling Gehlbach to testify for the defense at trial but decided against it based on trial strategy. *Id.* at 21-22. Henke thought that her testimony would be more damaging than helpful because (1) it would have provided evidence of Neeb's long-term involvement with drugs, (2) demonstrated that Neeb had used substances other than methamphetamine, and (3) showed that Neeb was willing to obtain drugs for other people to use, which constituted dealing under Indiana law. *Id.* at 19, 21-24. Henke stated that he believed that this evidence would bolster the State's evidence of Neeb's predisposition and introduce uncharged misconduct that

would prejudice Neeb. *Id*. at 19, 21-23. For this reason, he decided not to call Gehlbach as a defense witness. *Id*. at 21-22. Neeb did not testify at the hearing. *Id*. at 26.

[8] On February 25, 2020, the post-conviction court issued its findings of fact and conclusions thereon, denying Neeb's petition for post-conviction relief. *Appellant's App. Vol. 2* at 92-100. The post-conviction court found that it was a matter of trial strategy that Henke did not call Gehlbach as a witness, that there was no evidence of less than a thorough investigation by Henke, and that Gehlbach would have testified in a manner that bolstered the State's case and was detrimental to Neeb's entrapment defense. *Id*. at 99-100. The post-conviction court also found that there was no reasonable probability of a different outcome. *Id*. at 99-100. Neeb now appeals.

## Discussion and Decision

[9] This is an appeal from the denial of a petition for post-conviction relief.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. [Ind. Post-Conviction Rule 1(1)]. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who appeals the denial of [post-conviction relief] faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the

findings are clearly erroneous. If a [post-conviction] petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Massey v. State*, 955 N.E.2d 247, 253 (Ind. Ct. App. 2011) (quoting *Shepherd v. State,* 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (citations omitted), *trans. denied*).

[10] Neeb challenges the effectiveness of the representation of his trial counsel. "The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel and mandates that the right to counsel is the right to the effective assistance of counsel." *Bobadilla v. State*, 117 N.E.3d 1272, 1279 (Ind. 2019). "We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*." *Rondeau v. State*, 48 N.E.3d 907, 916 (Ind. Ct. App. 2016) (citing *Strickland v. Washington,* 466 U.S. 668, 698 (1984)), *trans. denied*. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's representation fell short of prevailing professional norms, and (2) counsel's deficient performance prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 698. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Rondeau*, 48 N.E.3d at 916 (quoting *Strickland*, 466 U.S. at 698). "The two prongs of the *Strickland* test are separate and independent inquiries." *Id*. (citing *Strickland*, 466 U.S. at 697). "Thus, '[i]f it is easier to dispose of an ineffectiveness claim on the

ground of lack of sufficient prejudice . . . that course should be followed.'" *Id.* (quoting *Strickland,* 466 U.S. at 697).

[11] Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied*. We will not lightly speculate as to what may or may not have been an advantageous trial strategy, as counsel should be given deference in choosing a trial strategy that, at the time and under the circumstances, seems best. *Perry v. State*, 904 N.E.2d 302, 308 (Ind. Ct. App. 2009) (citing *Whitener v. State,* 696 N.E.2d 40, 42 (Ind. 1998)), *trans. denied*. Isolated omissions or errors, poor strategy, or bad tactics do not necessarily render representation ineffective. *McCullough*, 973 N.E.2d at 74.

[12] Neeb argues that the post-conviction court erred when it denied his petition for post-conviction relief, contending that he received ineffective assistance of trial counsel. He specifically asserts that his trial counsel, Henke, was ineffective for failing to conduct a thorough pretrial investigation of Gehlbach and failed to interview or depose her before the trial. He claims that had Henke interviewed Gehlbach, Henke would have discovered evidence that Neeb was not predisposed to deal drugs. Neeb also contends that his trial counsel was ineffective because counsel failed to call Gehlbach as a witness at Neeb's trial because he maintains that Gehlbach would have been able to provide evidence that Neeb was a long time drug user, which would have explained why he had knowledge of drug prices, knew multiple suppliers of illegal drugs, and had

familiarity with drug terminology and would have provided the jury with a reasonable alternative to the State's theory of Neeb's predisposition to deal drugs. Neeb further argues that had Henke interviewed Gehlbach and called her as a witness at trial, there was a reasonable probability that the outcome of his trial would have been different because Gehlbach would have provided evidence that would have rebutted the State's evidence of his predisposition and supported his defense of entrapment.

[13] Neeb's claim of ineffective assistance of trial counsel is based upon Henke's alleged lack of pretrial investigation and his decision not to call Gehlbach as a witness to bolster the defense of entrapment. At his trial, Neeb raised entrapment as a defense, arguing that he was not predisposed to commit the offenses of dealing in methamphetamine. The defense of entrapment requires that: "(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and (2) the person was not predisposed to commit the offense." Ind. Code § 35-41-3-9(a). "Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment." Ind. Code § 35-41-3-9(b). The State may rebut this defense of entrapment either by disproving police inducement or by proving the defendant's predisposition to commit the crime. *Griesemer v. State,* 26 N.E.3d 606, 609 (Ind. 2015). At trial, the State rebutted the defense by showing that Neeb sold methamphetamine to Detective Hubbs on three occasions; he was well-versed in drug jargon; he possessed the capability of obtaining more

methamphetamine; he had knowledge of pricing; he agreed to a first-time buyer's discount; he referenced the quality of methamphetamine; he claimed to usually deliver the methamphetamine; he dealt in increasing amounts of methamphetamine; and he initiated contact with Detective Hubbs prior to the third transaction. *Neeb*, 2015 WL 5944451 at *3.

[14] Neeb first contends that his trial counsel was ineffective for failing to conduct a thorough pretrial investigation of Gehlbach. The post-conviction court found that Neeb failed to show that trial counsel did not conduct an investigation into Gehlbach. When our court reviews a claim of ineffective assistance for failure to investigate, "we apply a great deal of deference to counsel's judgments." *McKnight v. State*, 1 N.E.3d 193, 201 (Ind. Ct. App. 2013). "While it is undisputed that effective representation requires adequate pretrial investigation and preparation, it is well settled that this court should resist judging an attorney's performance with the benefit of hindsight." *Id*. at 200. "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitation on investigation.'" *Id.* at 201 (quoting *Strickland*, 466 U.S. at 690-91). A petitioner who seeks to establish failure to investigate as a ground for ineffective assistance of counsel is required to go "beyond the trial record to show what investigation, if undertaken, would have produced." *Id.*

[15]     Neeb asserts that his trial counsel's pretrial investigation of Gehlbach fell below an objective standard of reasonableness. Neeb presented no evidence that Henke failed to interview or depose Gehlbach because he did not ask either Gehlbach or Henke those questions at the post-conviction evidentiary hearing. *Tr. Vol. 2* at 2-25. None of the questions Neeb asked Henke or Gehlbach concerned what trial counsel had or had not done during his pretrial investigation. *Id*. at 6-14, 17-21, 24-25. Neeb only posed questions to Henke regarding what kind of evidence would have been helpful to the entrapment defense and did not establish that the evidence existed and would have been available and admissible at trial. *Id*. at 18-21.

[16]     Moreover, Neeb did not testify at the evidentiary hearing, and the majority of his assertions in his brief rely on the allegations contained in his petition for post-conviction relief. The unsupported assertions contained in Neeb's brief include that: 1) Henke did not investigate or depose Gehlbach; 2) Gehlbach had a grudge against Neeb; 3) Henke anticipated Gehlbach's testimony from police reports; 4) Neeb was reluctant to engage in the first controlled buy; 5) Gehlbach contacted Neeb numerous times to purchase drugs; 6) Neeb's statement of "usually" delivering was only braggadocio; and 7) Gehlbach promised to "make it up" to Neeb if he would sell methamphetamine to Detective Hubbs. *Appellant's Br*. at 15-23. None of these assertions were supported by evidence in the record. Neeb failed to request that the post-conviction court rely upon the assertions in his petition as evidence, and neither party relied upon the petition as evidence. *See State v. Lime*, 619 N.E.2d 601,

604 (Ind. Ct. App. 1993) (finding the petition to be evidence where the petitioner submitted the petition to the court, both parties and the court considered the petition to be evidence, and the State did not object to the court's reliance on the petition). Had Neeb requested to rely upon his petition as evidence, the State could have then called him as a witness to cross-examine him on the assertions contained in his petition. Neeb has not shown that Henke failed to conduct a sufficient pretrial investigation of Gehlbach as a defense witness.

[17] Neeb also argues that his trial counsel's decision to not call Gehlbach as a witness at trial fell below an objective standard of reasonableness. Indiana courts have held that "a decision regarding what witnesses to call is a matter of trial strategy which an appellate court will not second-guess." *Reid v. State*, 984 N.E.2d 1264, 1273 (Ind. Ct. App. 2013) (quoting *Johnson v. State,* 832 N.E.2d 985, 1003 (Ind. Ct. App. 2005), *trans. denied*) (quotations omitted), *trans. denied*. At the evidentiary hearing, Henke testified that he considered calling Gehlbach as a witness and decided not to as a matter of trial strategy. *Tr. Vol. 2* at 21-22. Henke stated that his decision was based on what he anticipated her testimony would have been and how the jury would have received it. *Id*. at 22. He testified that he believed that Gehlbach's testimony would have bolstered the State's evidence of predisposition because it involved Neeb's long-term relationship with Gehlbach that "centered around providing, obtaining, and using controlled substances of more than one type and variety." *Id*. Henke stated that this evidence would have also introduced uncharged misconduct

that would have been prejudicial to Neeb. *Id*. at 22-23. Based on this testimony, the post-conviction court properly found that Neeb's trial counsel was not deficient for not calling Gehlbach as a witness because her testimony would have been damaging and prejudicial to Neeb.[2]

[18] Additionally, Gehlbach was only involved in the first transaction with Neeb and Detective Hubbs. The second and third transactions were conducted by Detective Hubbs and Neeb without Gehlbach's assistance, with Neeb initiating the third transaction. Therefore, for the most part, the alleged evidence that Gehlbach could have provided regarding the circumstances of the first transaction would not have been relevant to Neeb's statements and participation in the second and third transactions. Further, any alleged evidence that Gehlbach would have testified to regarding the fact that Neeb was merely a user and that is how he knew jargon, had knowledge of the trade, and knew where and how to purchase drugs did not preclude him from also being a drug dealer, and his ability to procure and sell large amounts of drugs only

---

[2] We also note that Neeb's argument supporting the calling Gehlbach as a witness to support his entrapment defense is premised on a misunderstanding of what constitutes dealing under Indiana law. Neeb asserts that Gehlbach's testimony that he and she purchased and shared crack cocaine together in the past would have been helpful to explain his understanding of drug terminology as a user and that Gehlbach induced him to deal methamphetamine to Detective Hubbs on the first occasion by promising him that he could partake in the drugs with her. *Appellant's Br*. at 16, 19. However, this evidence would have only bolstered the State's case that Neeb was predisposed to deal in drugs because these actions constitute dealing. Indiana Code section 35-48-1-11 defines "deliver," in pertinent part, as "an actual or constructive transfer from one (1) person to another of a controlled substance . . . ." *See Graham v. State*, 971 N.E.2d 713, 719 (Ind. Ct. App. 2012) (finding the defendant's admission at trial that he intended to share the pills and cocaine with his friends that they jointly purchased sufficient to show delivery for a dealing conviction), *trans. denied*. Gehlbach's testimony, which would have included testimony that Neeb had provided her with methamphetamine prior to the first transaction with Detective Hubbs, would not have provided evidence to rebut Neeb's predisposition. *Tr. Vol. 2* at 12, 15.

supported the jury's determination that he was a dealer. The amounts of methamphetamine that Neeb sold to Detective Hubbs became exponentially larger with each transaction, and all of the amounts were greater than a mere user would possess at one time. The post-conviction court properly found that trial counsel's performance in not calling Gehlbach as a witness at trial was not deficient.

[19] The post-conviction court also properly found that Neeb failed to show prejudice regarding his allegation of ineffective assistance of trial counsel. As stated above, had Gehlbach been called as a witness at trial, her testimony would have bolstered the State's evidence of predisposition and introduced uncharged evidence of misconduct that would have been prejudicial to Neeb. The State's evidence that was presented at trial of Neeb's predisposition to commit the charged offenses was: multiple drug transactions; his ability to obtain, and deal, an increasing amount of methamphetamine; his claim he was "pretty much" "always on"; his agreement to a "first time buyer's discount"; his knowledge of drug prices, the quality of methamphetamine, and drug jargon; his claim that he usually delivered; and his initiation of the third transaction. *See Neeb*, 2015 WL5944451 at *3. None of the evidence that Neeb claims that Gehlbach could have offered would have offset this evidence, and he has not shown that there was a reasonable probability that, had Henke called Gehlbach as a witness, the result of his trial would have been different. Therefore, the post-conviction court properly found that Neeb failed to show

prejudice. We conclude that the post-conviction court did not err when it denied Neeb's petition for post-conviction relief.

[20] Affirmed.

Pyle, J., and Tavitas, J., concur.